582 A.2d 336

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Leonard JOHNSON.**

Superior Court of Pennsylvania.

Argued June 21, 1990.

Filed Sept. 17, 1990.

Reargument Denied Oct. 30, 1990.

Laurie Magid, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Luther E. Weaver III, Philadelphia, for appellee.

Before ROWLEY, McEWEN and JOHNSON, JJ.

ROWLEY, Judge:

On the basis of testimony given by appellee Leonard Johnson in a personal injury action, the Commonwealth of Pennsylvania, appellant herein, charged appellee with two counts of perjury, 18 Pa.C.S. § 4902, two counts of false swearing in official matters, 18 Pa.C.S. § 4903(a), and one count of tampering with or fabricating physical evidence, 18 Pa.C.S. § 4910. In response to a motion *in limine* filed by appellee, the trial court barred the Commonwealth from introducing into evidence expert testimony that, based on the results of ink analysis, two pages of handwritten notes referred to by appellee during the trial could not have been written in 1979, as appellee testified they were. In this appeal, the Commonwealth contends that the trial court abused its discretion in granting the motion *in limine*. For

the reasons set forth below, we reverse the order of the trial court and remand for further proceedings.

This case had its origin in the 1985 civil trial of *Bolton v. Southeastern Pennsylvania Transportation Authority*, No. 4895 July Term 1981, an action brought by Yvonne Bolton to recover damages for injuries allegedly suffered as the result of a 1979 accident involving a trolley operated by the Southeastern Pennsylvania Transportation Authority (SEPTA). During discovery, SEPTA issued a subpoena for all of the medical records maintained on Ms. Bolton by appellee, her treating physician.

At trial appellee referred to several pages of notes that he had allegedly written after Ms. Bolton's visits to his office in 1979. The notes indicated that in her early visits Ms. Bolton had complained of lower back pain. According to the Commonwealth, these notes had not been included in the records supplied by appellee in response to SEPTA's subpoena, and the office report included in the records supplied to SEPTA made no reference to complaints of lower back pain during Ms. Bolton's early visits to appellee.

Later in the trial, SEPTA called as a witness Albert Lyter, a forensic consultant whose specialty was document analysis. Mr. Lyter testified that two of the pages of handwritten notes could not have been written before January 1984. This could be determined, he explained, because Formulabs, the manufacturer of the ink with which the notes were written, had added a different chemical "tag" to its ink every year since 1979, and the ink on the pages in question contained the tag that had been added to ink manufactured in 1984.

As the result of Albert Lyter's testimony, the Commonwealth charged appellee with perjury, false swearing in official matters, and tampering with or fabricating physical evidence. At the preliminary hearing, the Commonwealth offered the testimony of Mr. Lyter and of counsel for SEPTA in the Bolton case. After considering the evidence offered at the preliminary hearing, the trial court dismissed the charges against appellee. Appellee was later re-arrest-

ed on the same charges, and the Commonwealth notified the defense of its intention to present expert testimony concerning the ink used by appellee to write the notes.

Appellee then filed an omnibus pretrial motion, which included a motion *in limine* asking the court to rule that the Commonwealth's expert testimony was inadmissible. At a hearing on the motion, the Commonwealth offered the testimony of two experts, Richard Brunelle and Dr. Antonio Cantu, concerning the reliability and acceptance in the scientific community of ink analysis as a method of dating ink. On May 18, 1989, the trial court entered an order, accompanied by findings of fact and conclusions of law, granting appellee's motion *in limine*. The Commonwealth's subsequent motion for reconsideration was denied, and this timely appeal followed.

The Commonwealth has certified, pursuant to *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985), that the court's order substantially handicaps its prosecution of appellee. Because the effect of the court's order was to suppress the testimony at issue, we conclude that the present appeal is properly before us. *See Commonwealth v. Deans*, 388 Pa.Super. 521, 565 A.2d 1230 (1989) (trial court granted motion *in limine* in part, thereby suppressing expert testimony, and this Court entertained Commonwealth's appeal after certification pursuant to *Dugger*).

█ A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. L. Packel & A.B. Poulin, *Pennsylvania Evidence* § 103.3 (1987). This Court has reviewed rulings on motions *in limine* by applying the scope of review appropriate to the particular evidentiary matter at issue. *Commonwealth v. Laskaris*, 385 Pa.Super. 339, 351–53, 561 A.2d 16, 22–23 (1989). With regard to the type of evidence at issue here, our Supreme Court has held that

> expert opinion testimony is proper only where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary

juror. As stated in *Commonwealth v. Leslie,* 424 Pa. 331, 334, 227 A.2d 900, 903 (1967) (quoting *Commonwealth v. Nasuti,* 385 Pa. 436, 443, 123 A.2d 435, 438 (1956)), " 'Expert testimony is admissible in all cases, civil and criminal alike, when it involves explanations and inferences not within the range of ordinary training, knowledge, intelligence and experience.' " *Commonwealth v. Seese,* 512 Pa. 439, 442, 517 A.2d 920, 921 (1986). The decision to admit or refuse expert testimony lies within the sound discretion of the trial court, whose decision will not be reversed absent a clear abuse of that discretion. *Commonwealth v. Emge,* 381 Pa.Super. 139, 141, 553 A.2d 74, 74 (1988).

Appellee argued to the trial court, and argues on appeal, that 1) ink analysis does not meet the legal standard of admissibility in Pennsylvania, and 2) owing to the "two-witness rule," perjury cannot be proved by opinion testimony. The majority of the trial court's thirty-four findings of fact dealt with the experts' qualifications and their testimony concerning ink analysis, and the court expressed concern that "the process required to prove the falsity of Dr. Johnson's notes lies in the hands of only a select group of individuals throughout this country, most of whom were trained by or who follow the procedures outlined by Mr. Brunelle" (Trial Court Opinion at 11–12). However, the court decided the motion on the basis of the second issue rather than the first and did not decide whether ink analysis meets the legal standard of admissibility in Pennsylvania.

The trial court's ruling presents a procedural problem that must be addressed. In its initial brief on appeal, the Commonwealth—understandably, in light of the trial court's failure to rule on the ink analysis issue—challenged only the trial court's interpretation and application of the "two-witness rule." In his brief on appeal, appellee not only supported the trial court's ruling on that issue but also argued that ink dating is not a recognized area of expertise in Pennsylvania. The Commonwealth then addressed the ink analysis issue in a reply brief, which was followed by a

reply brief for appellee. However, despite the extensive discussion of the ink analysis issue by the parties, we, as a reviewing court, decline to assume the role of factfinder by making an initial ruling on the issue. Accordingly, the admissibility of ink analysis is a matter that remains to be decided by the trial court, if and when the issue is raised on remand.

With this understanding, we turn to the trial court's opinion. Section 4902(f) of the perjury statute, 18 Pa.C.S. § 4902(f), states that

"[i]n any prosecution under this section, except under subsection (e) of this section [perjury based on inconsistent statements under oath], falsity of a statement may not be established by the uncorroborated testimony of a single witness."

According to the trial court,

the "corroboration" section of the statute is the codification of case law's "two witness rule", which protects a defendant by requiring that there be testimony of at least two witnesses to prove the falsity of the matter on which the perjury is assigned, or one witness and corroboration. *Commonwealth v. Russo*, 388 Pa. 462, 464, 131 A.2d 83, 86 (1957). The "two witness rule" was later refined in *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313, 322 [ (1981) ], in that corroboration ["]may be accomplished by the direct testimony of two witnesses or by direct testimony of one witness plus corroborating evidence."

Trial Court Opinion at 13. Because expert testimony is opinion only, not proof of a fact, the court held, it does not substitute for direct or factual testimony and therefore cannot satisfy the corroboration requirement of § 4902(f).[1]

---

1. At the conclusion of its opinion, the trial court noted that the charges of false swearing and tampering with or fabricating physical evidence "must also fail for the same reasons stated above for Perjury" (Trial Court Opinion at 16). Subsection (c) of the statute defining the offense of false swearing, 18 Pa.C.S. § 4903(c), states that "Section 4902(c) through (f) of this title (relating to perjury) applies to this section." As there is no similar provision of 18 Pa.C.S. § 4910, which

In response, the Commonwealth contends that the "two-witness rule" is not applicable where, as here, the evidence consists of proof in the form of documents. In any event, the Commonwealth argues, the rule prescribes only the necessary quantity, not the quality, of evidence. Thus, it does not prohibit the use of opinion evidence in a perjury prosecution.

As this Court explained in *Commonwealth v. Broughton*, 257 Pa.Super. 369, 390 A.2d 1282 (1978), the crime of perjury has traditionally been subject to special requirements of proof. *Id.*, 257 Pa.Superior Ct. at 373, 390 A.2d at 1284. Case law accompanying the previous perjury statute, Act of June 24, 1939, P.L. 872, § 322, 18 P.S. § 4322, held that "[t]he two-witness rule, as it is applied in Pennsylvania, requires that the falsity element of a perjury conviction be supported either by the direct testimony of two witnesses or by the direct testimony of one witness plus corroborating evidence." *Id.*, 257 Pa.Superior Ct. at 373, 390 A.2d at 1284 (emphasis omitted) [quoting *Commonwealth v. Field*, 223 Pa.Super. 258, 262, 298 A.2d 908, 911 (1972)]. This rule, the Court noted, had been part of the common law since the seventeenth century. *Id.* 257 Pa.Super. at 378, 390 A.2d at 1287.

In *Broughton* this Court was required to decide whether circumstantial evidence could be sufficient to support a conviction for perjury under the present statute, 18 Pa.C.S. § 4902. Acknowledging that if the rule of *Field* continued to be applicable, appellant's conviction could not stand, the Court concluded that the adoption of 18 Pa.C.S. § 4902(f) had changed the two-witness rule.

> We read this provision to mean that a witness may testify as to his direct observation, or he may provide circumstantial evidence; but in either case, he must be corroborated by the testimony of another witness, whose testimony may provide either direct or circumstantial evidence.

defines the offense of tampering with or fabricating physical evidence, we are unaware of the basis for the trial court's ruling regarding this offense. However, our resolution of the present appeal makes further consideration of this point unnecessary.

*Id.* 257 Pa.Super. at 380, 390 A.2d at 1288. Although this change from the common law two-witness rule permitted a perjury conviction to rest on circumstantial evidence alone, "in such event the different pieces of circumstantial evidence must fit together so tightly as to preclude any reasonable doubt of guilt," *id.*, 257 Pa.Superior Ct. at 380, 390 A.2d at 1288. Such an interpretation, this Court observed, would serve the principal purposes of the common law two-witness rule, namely, protecting the defendant against good-faith mistakes and against the grudge witness. *Id.*, 257 Pa.Superior Ct. at 379–80, 390 A.2d at 1288.

Appellee contends, in effect, that this Court's opinion in *Broughton* was overruled *sub silentio* by the Supreme Court in *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1981) (plurality). In *Hude* the Court was asked to decide whether the defendant could be tried for perjury arising out of statements he made in a prior trial that resulted in his acquittal of the charges against him. Because the direct evidence of falsity that was produced in the perjury trial was the same evidence that had been rejected in the original trial, the Court held that the doctrine of collateral estoppel could be invoked to bar the prosecution for perjury. *Id.*, 492 Pa. at 621, 425 A.2d at 322.

In *Hude*, as appellee contends, the Supreme Court interpreted § 4902(f) to require the direct testimony of two witnesses or the direct testimony of one witness plus corroborating evidence. In doing so, the Court cited *Broughton*, which interpreted the present statute, as well as *Field*, which interpreted the previous statute. *Id.*, 492 Pa. at 617, 425 A.2d at 322. However, because the opinion containing this language did not gain the support of a majority of the Court, it does not constitute a binding precedent. In addition, the Supreme Court in *Hude* was not asked to decide, as was this Court in *Broughton*, whether circumstantial evidence could be sufficient to support a perjury conviction. We conclude, therefore, that the holding of *Broughton* was not overruled *sub silentio* in *Hude*. We note also, with regard to the relative merit of circumstantial as opposed to

direct evidence, that the death penalty may be imposed in cases in which the defendant's conviction of murder in the first degree rests upon circumstantial evidence. *Commonwealth v. Wallace,* 522 Pa. 297, 315, 561 A.2d 719, 728 (1989).

The Commonwealth contends that not only does § 4902(f) not preclude a perjury conviction based solely on circumstantial evidence, but, pursuant to *Commonwealth v. Robinson,* 332 Pa.Super. 147, 480 A.2d 1229 (1984), there is no corroboration requirement when the evidence consists of proof in the form of documents. In *Robinson,* appellant was convicted of perjury after the Commonwealth produced records from a prison, a hospital, and a business to prove that the defendant had not been where he had testified he was on various dates. The issue presented to this Court was: "In a trial for perjury, may the Commonwealth rely solely on documentary evidence to show the falsity of testimony given by the defendant in prior judicial proceedings?" *Id.,* 332 Pa.Superior Ct. at 149, 480 A.2d at 1230. Because this Court's analysis of § 4902(f) is crucial to the outcome of the present case, we quote it at some length:

> *This subsection ... does not purport to establish affirmatively the type or quality of the evidence necessary to convict.* It seeks merely to prevent a conviction in a situation where oath has been pitted against oath. Thus, it establishes that a conviction for perjury cannot rest upon the "uncorroborated testimony of a single witness." The rule has value in safeguarding witnesses in official proceedings from harassment by disappointed litigants. It also protects them from their own or another's good-faith mistakes.
>
> The provisions of 18 Pa.C.S. § 4902(e) [2], it has been held, do not prevent a conviction based on circumstantial evidence. *Commonwealth v. Broughton,* 257 Pa.Super. 369, 390 A.2d 1282 (1978) (rehearing denied). Similarly, the language of the subsection does not preclude a convic-

---

**2.** This citation is incorrect, as the Court is clearly referring to § 4902(f).

tion where the only proof of falsity is documentary evidence. Thus, an uncorroborated record of a criminal conviction is sufficient to demonstrate the falsity of a sworn statement that the speaker has never been convicted of a crime. The documentary evidence, however, must be clear and positive.

*Id.* 332 Pa.Super. at 150–51, 480 A.2d at 1231 (additional citations omitted; emphasis added).

■ The evidence at issue in the present case is the testimony of expert witnesses concerning certain documents, namely, the handwritten notes of appellee. Appellee contends that this Court's holding in *Robinson* does not permit a perjury conviction to be based on such evidence, since *Robinson*, unlike the case before us, "involved the production of business records, admissible as an exception to the hearsay rule, which are authenticated by the necessary witnesses and which contained direct facts of the occurrence or non-occurrence of certain events" (Brief for Appellee at 13). The holding in *Robinson* was not based upon the fact that the documents in question were admissible pursuant to the business records exception to the hearsay rule, however, but upon the fact that the evidence "was far more substantial than the uncorroborated testimony of a single witness" and "was positive and convincing."[3] *Id.*, 332 Pa.Superior Ct. at 153, 480 A.2d at 1232. Nothing in this Court's opinion in *Robinson* precludes the possibility that evidence other than authenticated business records may be found to be "clear and positive" evidence of perjury.

Accordingly, as 18 Pa.C.S. § 4902(f) "does not purport to establish affirmatively the type or quality of the evidence necessary to convict" a defendant of perjury, it does not preclude the possibility that the Commonwealth will be able

---

3. The prison and hospital records were duly proved by the custodians thereof and were received into evidence. *Id.*, 332 Pa.Superior Ct. at 150, 480 A.2d at 1230–31. The employment records of the business were produced by the company's personnel manager and were referred to during trial, but were not offered into evidence. *Id.*, 332 Pa.Superior Ct. at 150 & n. 1, 152, 480 A.2d at 1231 & n. 1, 1232. This Court made no reference to the business records exception to the hearsay rule.

to prove beyond a reasonable doubt, based upon the evidence available in the present case, that appellee committed perjury as defined in 18 Pa.C.S. § 4902(a). The Commonwealth asserts that its evidence will not consist solely of the experts' testimony, but will also include evidence that when appellee was asked to supply all medical records relating to Yvonne Bolton, the only items not supplied were the handwritten notes in question. In addition, the Commonwealth points out, it may be able to discredit appellee's own testimony through impeachment.

Whether the evidence eventually offered by the Commonwealth will prove beyond a reasonable doubt that appellee committed perjury is not a question that can or should be decided by this Court in an appeal from a pretrial ruling. At this juncture we are not required to weigh the evidence, but only to determine whether § 4902(f) precludes its admission. For this reason, it is unnecessary for us to address appellee's claims that expert opinion testimony is the lowest grade of testimony and is evidence only of the expert's opinion, not of facts. These claims concern the weight to be given to the evidence, not its initial admissibility.

In addition, we have reviewed the numerous cases involving challenges to wills that have been cited by appellee in an effort to show that "expert testimony cannot be received as independent evidence to impeach the validity of a document" (Brief for Appellee at 8). Assuming for the sake of argument that these civil cases are relevant to the criminal matter before us, we note that in *In re Estate of Cline*, 433 Pa. 543, 252 A.2d 657 (1979), the Supreme Court held that although expert opinion evidence in forgery cases is of little weight and cannot prevail against positive evidence of actual facts by witnesses found to be credible, nevertheless

the testimony of handwriting experts that a will offered for probate is a forgery corroborated by probative facts and circumstances may be sufficient to overcome the testimony of those claiming to be subscribing witnesses to the questioned document and to support a finding of forgery and the corroborative evidence may be the most

nearly positive and direct evidence which the nature of the case will admit.

*Id.*, 433 Pa. at 547, 252 A.2d at 660. This rule, if applicable to the present case, would not bar the admission of the Commonwealth's expert evidence.

In conclusion, it cannot be said that as a matter of law the expert opinion testimony which the Commonwealth proposes to offer will necessarily fail to satisfy the requirement of 18 Pa.C.S. § 4902(f) as interpreted by this Court in *Commonwealth v. Robinson, supra.* That being the case, the trial court's decision to grant appellee's motion *in limine* was a clear abuse of discretion, requiring us to reverse the court's order of May 18, 1989, and to remand the case for further proceedings.

Order reversed; case remanded for further proceedings; jurisdiction relinquished.

McEWEN, J., notes his dissent.