626 A.2d 514

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leonard JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1992.

Decided May 28, 1993.

Reargument Denied July 20, 1993.

52

Charles W. Bowser, Philadelphia, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., Laurie Magid, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is a perjury prosecution arising from allegedly perjured testimony given by Dr. Johnson, appellant in the case at

bar, when he testified in a civil trial in 1985. The civil action, *Bolton v. Southeastern Pennsylvania Transportation Authority*, No. 4895 July Term 1981, was a claim for damages for injuries allegedly suffered by Bolton in a 1979 trolley accident. Dr. Johnson was Bolton's physician. During discovery in the *Bolton* trial, SEPTA issued a subpoena for all of Bolton's medical records maintained by Dr. Johnson. The records submitted pertain to each office visit and indicate no complaint of low back pain during Bolton's early visits to Johnson and no order for x-rays of the lower back. At trial, Dr. Johnson made reference to handwritten notes which indicate that Bolton complained of lower back pain during office visits in 1979, that he ordered x-rays of the lower back, and that he treated Bolton for lower back pain. Further, he testified that he wrote the notes in 1979 immediately after her office visits. These notes were not contained in the medical records which Dr. Johnson submitted pursuant to SEPTA's subpoena.

At trial on the Bolton matter, SEPTA called an expert witness who testified that Dr. Johnson could not have written the notes in 1979, as he claimed, because the ink used to write the notes was not manufactured until 1984. The expert was able to date the ink by way of chemical markers which the manufacturer used to date its ink every year since 1979.

Based on the expert's testimony, Dr. Johnson was charged with perjury, false swearing in official matters, and tampering with or fabricating physical evidence. These charges were dismissed at preliminary hearing. However, Dr. Johnson was thereafter re-arrested, whereupon he filed a motion in limine, requesting that the court suppress the expert testimony. The Commonwealth offered two experts on the reliability of ink analysis as a method for dating ink. After hearing, the court granted Johnson's motion in limine. On appeal, Superior Court reversed, and thereafter, this court granted allocatur.

The sole question on this appeal, as presented by Johnson in his petition for allowance of appeal, is whether the Superior Court erred in reversing the decision of the trial

court which held that in a prosecution for perjury, the two-witness rule codified in 18 Pa.C.S. § 4902(f) may not be satisfied by opinion evidence alone.[1,2]

The "two-witness rule," as explained by Superior Court, required at common law that the falsity element of a perjury conviction be supported either by the direct testimony of two witnesses or by the direct testimony of one witness and corroborating evidence. This rule was modified by the adoption of 18 Pa.C.S. § 4902(f), and by *Commonwealth v. Broughton*, 257 Pa.Super. 369, 390 A.2d 1282 (1978), which stated:

> We read this provision [§ 4902(f)] to mean that a witness may testify as to his direct observation, or he may provide circumstantial evidence; but in either case, he must be corroborated by the testimony of another witness, whose testimony may provide either direct or circumstantial evidence.

*Id.* at 380, 390 A.2d at 1288.

Superior Court in its opinion in the instant case explained its *Broughton* opinion as follows:

> Although this change from the common law two-witness rule permitted a perjury conviction to rest on circumstantial evidence alone, "in such event the different pieces of circumstantial evidence must fit together so tightly as to preclude any reasonable doubt of guilt," *id*, 257 Pa.Super. at 380, 390 A.2d at 1288. Such an interpretation, this Court observed, would serve the principal purposes of the common law two-witness rule, namely, protecting the defendant against good-faith mistakes and against the grudge witness.

*Commonwealth v. Johnson*, 399 Pa.Super. 266, 273, 582 A.2d 336, 339 (1990).

1. Johnson's reference to "opinion evidence" means "expert testimony."

2. Johnson also raises the question of whether his re-arrest violated his right to due process and to equal protection in violation of the Fourteenth Amendment. We do not address this claim because it was not raised in the petition for allowance of appeal.

The perjury statute, 18 Pa.C.S. § 4902, in pertinent part, provides:

(a) Offense defined.—A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

  *  *  *  *  *  *

(e) Inconsistent statements.—Where the defendant made inconsistent statements under oath or equivalent affirmation, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant. In such case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true.

(f) Corroboration.—*In any prosecution under this section, except under subsection (e) of this section, falsity of a statement may not be established by the uncorroborated testimony of a single witness.*

(Emphasis added.)

■ The Commonwealth asserts that it intends to offer not only the evidence of its expert (ink dating of the handwritten notes), but also evidence that the records submitted pursuant to its subpoena did not include the notes referred to at trial. This evidence, presumably, would include the subpoena and the documents submitted pursuant to the subpoena.

Such evidence, on the face of Section 4902(f), would seem to meet the statute's requirement that falsity may not be established by the uncorroborated testimony of a single witness, for

the evidence would consist not only of witness testimony, but also of circumstantial evidence which tends to support the witness.[3]

Superior Court writes:

[A]s 18 Pa.C.S. § 4902(f) "does not purport to establish affirmatively the type or quality of the evidence necessary to convict" a defendant of perjury, it does not preclude the possibility that the Commonwealth will be able to prove beyond a reasonable doubt, based upon the evidence available in the present case, that appellee committed perjury. . . .

399 Pa.Super. at 275–76, 582 A.2d at 340.

We agree with Superior Court that section 4902(f) does not preclude the admission of expert testimony bolstered by other evidence in support of the expert testimony, including circumstantial evidence. *Commonwealth v. Russo*, supra, n. 3. The order of Superior Court is, therefore, affirmed and the case is

---

3. Although Johnson claims that *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980) supports his position that the Commonwealth must present *direct* evidence of falsity and that the corroboration must be strong, the *Hude* case, a plurality opinion, is inapplicable. *Hude* concerned whether a defendant could be tried for perjury arising out of statements he made in a prior trial that resulted in his acquittal of the charges against him. A plurality of this court ruled that he could not, because the direct evidence of falsity that was produced in the perjury trial was the same evidence that had been rejected in the original trial, and thus, was barred by collateral estoppel.

This court's most recent discussion of the evidence required in a perjury case is as follows:

The Commonwealth could prove its charge by evidence which was direct or evidence which was circumstantial, but the evidence must be legally competent and sufficient in volume and quality to prove [defendant] guilty of the crime charged [false swearing] *beyond a reasonable doubt*. . . .

The so-called two witness rule in perjury cases prevails in Pennsylvania, i.e., in order to convict of perjury there must be two witnesses or one witness plus corroborating evidence. . . .

*Commonwealth v. Russo*, 388 Pa. 462, 466, 131 A.2d 83, 86 (1957). *See also*, *Commonwealth v. Butler*, 529 Pa. 7, 21, 601 A.2d 268, 274 (1991), dissenting opinion of Mr. Justice Papadakos, citing *Russo* with approval.

remanded for further proceedings.[4]

CAPPY, J., files a dissenting opinion which is joined by ZAPPALA and LARSEN, JJ.

CAPPY, Justice, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the "two-witness rule" codified in 18 Pa.C.S. § 4902(f) may be satisfied by the admission of expert testimony plus corroborating evidence in support of the expert testimony.

The majority correctly notes that under the common law the two-witness rule required that the falsity element of a perjury conviction be supported either by the direct testimony of two witnesses or by the direct testimony of one witness and corroborating evidence. *Williams v. Commonwealth*, 91 Pa. 493 (1880); *Commonwealth v. Field*, 223 Pa.Super. 258, 298 A.2d 908, 911 (1972).[1] In other words, there must be, at the very least, one witness testifying with direct evidence. Without this essential component of the two-witness rule, the mandatory direct evidence prong, the rule is not satisfied and proof of the falsity element of a perjury charge fails.

I strongly disagree with the majority's conclusion that the two-witness rule was modified by the General Assembly when they promulgated Section 4902(f) or by the Superior Court in *Commonwealth v. Broughton*, 257 Pa.Super. 369, 390 A.2d 1282 (1978). To the contrary, the Official Comment to Section 4902 makes it clear that the General Assembly intended Section 4902(f) to be in accord with existing law. 18 Pa.C.S.

4. The trial court has not yet ruled on the admissibility of the ink analysis, having disposed of the case, as it thought, on the basis of section 4902(f). Superior Court also did not rule on that issue, and it has not been raised before us.

1. There were two principal purposes of the common law two-witness rule: to protect the defendant against good faith mistakes and against grudge witnesses. *Commonwealth v. Broughton*, 257 Pa.Super. 369, 390 A.2d 1282 (1978).

§ 4902, Official Comment–1972.[2]   Thus, the adoption of Section 4902(f) did not modify the common law two-witness rule; to the contrary, it codified it.   As a result, the Superior Court's conclusion in *Broughton* that the two-witness rule under Section 4902(f), means "that a witness may testify as to his direct observation, or he may provide circumstantial evidence;   but in either case, he must be corroborated by the testimony of another witness, whose testimony may provide either direct or circumstantial evidence," *Broughton*, 390 A.2d at 1288, ignores the codified common law rule and is, accordingly, in error.[3]

Direct evidence is "[e]vidence in form of testimony from a witness who actually saw, heard or touched the subject of interrogation ... which, if believed, proves [the] existence of [a] fact in issue without inference or presumption." *Black's Law Dictionary* 413 (5th ed. 1979).   Circumstantial evidence, as distinguished from direct evidence, is "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved." *Id.* at 221.   Direct evidence is obviously more reliable and probative than circumstantial evidence because direct evidence proves a fact without the necessity for the fact-finder to make additional deductions or inferences or presumptions.   Thus, although direct evidence and circumstantial evidence are both factual in nature, they are clearly distinct and for purposes of Section 4902(f), circumstantial evidence is an illegitimate and

2.  The Official Comment in relevant part reads as follows: "[e]xisting law is in accord with Subsection (f)."

3.  I do agree with the majority that *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980), a plurality opinion, is inapplicable to the instant case.   However, it is important to point out that *Hude* contributes to the confusion surrounding the two-witness rule.   In dicta, *Hude* cites *Broughton* as support for the proposition that the perjury statute requires the direct testimony of two witnesses or the direct testimony of one witness plus corroborating evidence.   As discussed above, *Broughton* does not stand for that proposition.   *Broughton* stands for the proposition that the two-witness rule as codified in Section 4902(f) is satisfied by either direct evidence or circumstantial evidence, and as noted in text, is wholly incorrect.

ill-conceived substitute for the mandatory direct evidence prong of the two-witness rule.

The proper application of the evidentiary requirements of the two-witness rule was illustrated by the Superior Court in *Commonwealth v. Field,* 223 Pa.Super. 258, 298 A.2d 908 (1972). In *Field,* the defendant instituted a lawsuit against the Redevelopment Authority which he settled five days later on terms not made public. Thereafter, defendant was called as a witness before a grand jury and questioned about whether Citizens Bank, of which he was the chairman of the board of directors and principal shareholder, was offered the position of "lead bank"[4] as an inducement to settle the suit. Defendant denied any connection between the settlement of the suit and negotiations regarding the new "lead bank" appointment. As a result of that testimony, defendant was charged with perjuring himself before the grand jury. Following a jury trial in which defendant was found guilty, defendant appealed to the Superior Court alleging that the lower court improperly overruled his demurrers to the Commonwealth's evidence supporting the charge of perjury.

At defendant's trial, the following testimony was offered: defendant had demanded "lead bank" designation prior to instituting the lawsuit and defendant had negotiated with the Redevelopment Authority with respect to the "lead bank" designation within a week of settling suit. Both parties agreed that such testimony was circumstantial in nature and that no direct testimony was offered to support two of the assignments of perjury.[5] On appeal, the Superior Court held that since no direct evidence showing a connection between the "lead bank" designation and the settling of the suit had been offered, the requisite direct testimony was lacking. Consequently, the two-witness rule was not satisfied and defendant's demurrer to the first two assignments should have been sustained.

4. The "lead bank" designation refers to the financially advantageous position occupied by one of several banks that handle the Redevelopment Authority funds.

5. Defendant had been charged with five assignments of perjury.

As *Field* so aptly demonstrates, the two-witness rule as stated at common law required the *direct* testimony of two witnesses or the *direct* testimony of one witness plus corroborating evidence. Thus, the two-witness rule as codified in Section 4902(f) likewise requires the *direct* testimony of two witnesses or the *direct* testimony of one witness plus corroborating evidence. I strongly disagree with the majority's conclusion that *both* prongs of the two-witness rule may be satisfied by either direct evidence or circumstantial evidence.[6]

As discussed above, direct evidence is factual in nature. Opinion evidence, on the other hand, is not factual in nature.

> An opinion is only that: it creates no fact. It is what someone thinks about something, and the thought may be precisely accurate or totally inaccurate, and yet represent the absolutely honest conviction of the person who expresses it. Because of this, opinion evidence is generally considered of a low grade, and not entitled to much weight against positive testimony of actual facts. There is a great difference between factual and opinion testimony. In the one the witness testifies to the fact and certifies that what he says of it is true. In the other, he only testifies to his opinion that such a thing is true, and certifies only to his integrity of belief. He says he believes his opinion to be correct, but he does not warrant it to be true, and does not pretend that he cannot be mistaken.

*In re Pochron's Estate*, 367 Pa. 306, 80 A.2d 794, 797 (1951). *Accord Morrissey v. Commonwealth of Pennsylvania Department of Highways*, 424 Pa. 87, 225 A.2d 895, 899 (1967). Therefore, since opinion evidence is not factual, it is not direct

---

6. The majority also quotes *Commonwealth v. Russo*, 388 Pa. 462, 131 A.2d 83 (1957) to support its position that the two-witness rule may be satisfied either by direct evidence or by circumstantial evidence as long as it is legally competent and sufficient in volume and quality to prove the defendant guilty beyond a reasonable doubt. The language quoted from *Russo* is a general statement that refers to charges in general; it does not pertain to the specific and special proof requirements embodied in the two-witness rule. In addition, the defendant in *Russo* made two conflicting statements under oath. The two-witness rule is *not* applicable in such circumstances and, as such, any discussion of the two-witness rule in *Russo* is dicta.

evidence and, as such, it cannot satisfy the mandatory direct evidence prong of the two-witness rule.[7]

The majority opinion, taken to its logical conclusion, implies the dubious proposition that without any *direct evidence* at all, the General Assembly intended now to make it possible for the first time to convict someone of perjury under Section 4902(f) through the testimony of two expert witnesses offering their opinions or one expert witness plus corroborating circumstantial evidence. In the former case, not only is there no *direct* evidence but more importantly, there is no fact evidence whatsoever. In the latter case, utilizing an expert witness plus corroborating circumstantial evidence, there is again no *direct* evidence. Moreover, the latter case depends entirely upon circumstantial evidence, evidence which requires the fact-finder to make further deductions, inferences or presumptions in order to lead to a conclusion, beyond a reasonable doubt, that the fact in issue has been proved. This is precisely the sort of indirect evidence the two-witness rule was designed to prevent unless properly supplemented with direct evidence. Simply stated, opinion evidence is neither direct nor fact evidence and both the common law and the General Assembly have wisely mandated that no one can or should be convicted of perjury on that evidence alone.[8]

For the foregoing reasons, I would reverse the order of the Superior Court and reinstate the Court of Common Pleas order granting the motion in limine.

LARSEN and ZAPPALA, JJ., join in this dissenting opinion.

7. It is not clear whether the majority considered the opinion evidence as direct evidence or as circumstantial evidence. It is clear, however, that the majority considered the opinion evidence as witness testimony and not as corroboration evidence. What the majority failed to consider is that opinion evidence is not factual and, as such, it cannot be admitted as direct testimony of a witness. If it is to be admitted at all pursuant to the two-witness rule, it can only be admitted as corroborating evidence.

8. I agree with the majority's conclusion that corroborating evidence can be either direct or circumstantial. Indeed, I would go further and also hold that opinion evidence can also be admitted as corroborating evidence.