J-S21003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :             PENNSYLVANIA
                                          :

                v.                             :
                                          :
                                        :

TERRENCE MCALEER               :
                                          :

             Appellant          :    No. 333 EDA 2021

Appeal from the PCRA Order Entered October 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006283-2007

BEFORE:  BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                 Filed: August 12, 2021

Terrence McAleer appeals from the October 30, 2017 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"). Stephen T. O'Hanlon, Esquire, has filed a **Turner**/**Finley**[1] no-merit brief and an application to withdraw. After careful review, we grant counsel's application to withdraw and affirm the court's denial of PCRA relief.

This case concerns Appellant's "sexual molestation of a fifteen-year-old girl, R.B., on or about November 11 and 12, 2006." **Commonwealth v. McAleer**, 108 A.3d 99 (Pa.Super. 2014) ("**McAleer I**") (unpublished memorandum at 1). On August 7, 2008, a jury found Appellant guilty of involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]   **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

aggravated indecent assault, corruption of a minor, and endangering the welfare of a child. Appellant was sentenced to seven to fourteen years of incarceration in connection with the IDSI conviction and received an aggregate term of fifteen years of probation on the remaining charges.

On direct appeal following the reinstatement of Appellant's rights *nunc pro tunc*, this Court affirmed his judgment of sentence. **See McAleer I**, **supra** at 5. Thereafter, Appellant petitioned the Pennsylvania Supreme Court for allowance of appeal, which denied his request. **See Commonwealth v. McAleer**, 113 A.3d 279 (Pa. 2015) ("**McAleer II**"). Appellant did not petition for a writ of *certiorari* in the United States Supreme Court. Thus, his judgment of sentence became final for the purposes of the PCRA on July 7, 2015.[2]

On June 28, 2016, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed to represent Appellant. In lieu of an amended PCRA petition, counsel requested to withdraw his representation by submitting a **Turner**/**Finley** "no merit" letter. By order dated October 20, 2017, the PCRA court dismissed Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 after concluding that his claims were meritless. "Besides not addressing PCRA counsel's request to withdraw, the court's order did not include any information about [Appellant's] right to appeal or the time limits for doing so. Further, the court's order included no indication that it was served on [Appellant] as required by Pa.R.Crim.P. 907(4)[.]"

---

[2] **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13(1).

- 2 -

*Commonwealth v. McAleer*, 241 A.3d 445 (Pa.Super. 2020) ("*McAleer III*") (unpublished memorandum at 1). At some point, Appellant's PCRA counsel was granted leave to withdraw. *Id*. at 2 n.5.

On February 18, 2018, Appellant filed a *pro se* application to reinstate his appeal rights *nunc pro tunc*, "claiming that he was not timely notified of the dismissal of his PCRA petition." *Id*. at 2. Ultimately, this Court reinstated Appellant's right to appeal from the dismissal of his PCRA petition after concluding that "there was a breakdown in the operations of the court that prevented [Appellant] from timely pursuing an appeal from the order dismissing his first PCRA petition." *Id*. at 3.

On remand, Appellant filed a *nunc pro tunc* notice of appeal with the assistance of newly appointed PCRA counsel. The PCRA court ordered that a concise statement of errors be filed pursuant to Pa.R.A.P. 1925(b). In response, Appellant's second PCRA counsel provided timely notice of his intent to file a *Turner*/*Finley* "no merit" brief while simultaneously filing a Rule 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion expressing its concomitant belief that the issues Appellant sought to raise were meritless. In this Court, Appellant filed three *pro se* responses raising duplicative allegations and tangential legal issues.

In his "no merit" brief, counsel has identified the following three issues that Appellant wishes us to review:

> 1. The trial court erred in permitting the *voir dire* to continue after an overwhelming majority of the venire was chosen to be female thereby festering the splinter of bias toward sex offenses in clear

violation of the Supreme Court's ruling in **Batson v. Kentucky**, 476 U.S. 79 (1986).

. . . .

2. The trial court erred in applying the principles found within 18 Pa.C.S. § 3106 when the statute not only unconstitutionally shifts the burden of proof to the defendant but also violates the Confrontation Clause of the United States Constitution when the statutory construction forces the defendant to present witnesses or evidence to prove by a preponderance of the evidence that he is innocent rather than the Commonwealth proving beyond a reasonable doubt that the defendant is guilty.

. . . .

3. Trial counsel was ineffective for failing to object to both judicial bias and prosecutorial misconduct allowing the trial court to strike exculpatory testimony and the prosecution to prejudice the jury by calling the witness a liar.

**Turner**/**Finley** letter brief at 4, 7-8 (cleaned up).

Before we may consider the merits of the issues raised on appeal, we must determine whether counsel has complied with the procedural requirements of **Turner**/**Finley**, which this Court has discussed as follows:

When presented with a brief pursuant to **Turner**/**Finley**, we first determine whether the brief meets the procedural requirements of **Turner**/**Finley**. A Turner/Finley brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed pro se or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa.Super. 2019) (cleaned up).

- 4 -

After reviewing counsel's petition to withdraw and "no merit" letter, we are satisfied that he has substantially complied with the technical requirements of **Turner**/**Finley**.  Counsel has detailed his review of the case and the issues raised by Appellant while explaining why these claims are meritless.  Counsel has also stated that his independent review of the record has uncovered no other meritorious issues that might favor his client.  Furthermore, counsel also sent of a copy of his **Turner**/**Finley** filings to Appellant in a letter advising his client of his immediate right to respond to these submissions and to proceed *pro se* or with a privately retained attorney.  Thus, we will review the merits of the issues identified by counsel.

We begin our independent evaluation by noting the applicable standard of review: "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error."  **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa.Super. 2017).

Appellant's first issue is styled as a constitutional claim challenging the validity of the jury composition in his case.  **See** PCRA Petition, 6/28/16, at 5-6 (citing U.S. CONST. Amend. VI; PA. CONST. Art. I, § 9).  He asserts that the trial court erred by permitting the empaneling of a jury in his case that was composed primarily of women.  Although Appellant has styled this issue as arising under **Batson** and its progeny, his claim for relief is not predicated upon the Commonwealth's improper use of peremptory challenges.  Rather,

he asserts that the trial court should have excluded women from the jury, outright, based solely upon the subject matter of the charges. *See* PCRA Petition, 6/28/16, at 6 ("[T]he overwhelming majority of the empaneled jury being female, force an impartiality [sic] toward [Appellant] as the alleged victim was a female under the age of eighteen. Ergo, [Appellant] had a jury of [the] alleged victim's peers instead of the [c]onstitutionallty required impartial jury of [Appellant's] peers.").

For the purposes of a PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Here, Appellant could have challenged the constitutionality of the composition of the jury at several earlier junctures, whether during *voir dire* itself or on direct appeal to this Court. To the extent that Appellant challenges the constitutionality of the jury composition pursuant to 42 Pa.C.S. § 9543(2)(i), this claim has been waived.[3] *See Commonwealth v. Ford*,

_____

[3] Although Appellant purports to raise a straightforward claim of constitutional error, at the end of his discussion he mentions in passing that Appellant's *voir dire* counsel "failed to utilize the strikes available to him to ensure the diverse jury of '[Appellant's] peers' as required by the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution." PCRA Petition, 6/28/16, at 6. To the extent that Appellant intends to raise an allegation of ineffective assistance of counsel, such a claim would not be waived pursuant to 42 Pa.C.S. § 9544(b).

Nonetheless, any claim of ineffectiveness concerning gender discrimination in *voir dire* in this case is meritless. As discussed in the body of this writing,
*(Footnote Continued Next Page)*

809 A.2d 325, 330 (Pa. 2002) (holding that a claim of constitutional error was waived under the PCRA where petitioner could have raised it on direct appeal).

Even assuming, *arguendo*, that this claim was not waived by Appellant's failure to raise it on direct appeal, his contention is preposterous. The United States Supreme Court has enumerated the legal objectionability of a gender-focused approach to jury selection as follows:

> Because these stereotypes have wreaked injustice in so many other spheres of our country's public life, active discrimination by litigants on the basis of gender during jury selection invites cynicism respecting the jury's neutrality and its obligation to adhere to the law. The potential for cynicism is particularly acute in cases where gender-related issues are prominent, such as cases involving rape, sexual harassment, or paternity.

*J.E.B. v. Alabama*, 511 U.S. 127, 140 (1994). Appellant was not entitled to a jury composed solely, or even primarily, of men. *See Commonwealth v. Rivera*, 199 A.3d 365, 387 (Pa. 2018) ("Proof is required of an actual discriminatory practice in the jury selection process, not merely under-representation of one particular group."). Furthermore, Appellant has not provided the information necessary to establish a *prima facie* case of gender

---

Appellant is not entitled to a jury composed of his preferred gender composition. Any attempt by *voir dire* counsel to strike women from the jury solely on the basis of their gender would have been a fruitless endeavor. *See Commonwealth v. Rivera*, 816 A.2d 282, 292 (Pa.Super. 2003) ("It is axiomatic that trial counsel will not be considered ineffective for failing to pursue meritless claims.").

discrimination in jury selection.[4]   Accordingly, we agree with counsel's conclusion that this issue is frivolous.

The second claim identified by counsel challenges the constitutionality of 18 Pa.C.S. § 3106, which governs the credibility of complainants under Chapter 31 ("Sexual Offenses") of the Pennsylvania Crimes Code:

> The credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime.  The testimony of a complainant need not be corroborated in prosecutions under this chapter.  No instructions shall be given cautioning the jury to view the complainant's testimony in any other way than that in which all complainants' testimony is viewed.

18 Pa.C.S. § 3106.  Appellant asserts that this statute "does not allow for the elements of the crime to be proven beyond a reasonable doubt due to the fact that it allows for the distinct possibility that 'hearsay' or other testimony could be used solely to convict the defendant."[5]   PCRA Petition, 6/28/16, at 7-8

_____

[4]  A defendant asserting gender discrimination in jury selection must identify: (1) the gender of all the venirepersons in the jury pool; (2) the gender of all venirepersons remaining after challenges for cause; (3) the gender of those removed by the prosecution; (4) the gender of the jurors who served; and (5) the gender of jurors acceptable to the Commonwealth who were stricken by the defense.  ***Commonwealth v. Mason***, 130 A.3d 601, 639 n.48 (Pa. 2015).

[5]  This Court previously upheld the sufficiency of the evidence underlying Appellant's convictions on direct appeal.  ***See McAleer I***, ***supra*** at 3 ("Here, the jury was free to believe R.B.'s uncorroborated testimony, and it was also free to disbelieve any testimony contradicting her account of events.").  To the extent that Appellant seeks to re-raise a collateral assault on the sufficiency of the evidence, such a claim would be ineligible for relief under the PCRA as previously litigated.  ***See*** 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2). Furthermore, the PCRA is an inappropriate vehicle for such arguments.  ***See***
*(Footnote Continued Next Page)*

(citing U.S. CONST. Amend. VI; PA. CONST. Art. I, § 9). He also claims that the statute unconstitutionally shifts "the burden to the defendant to prove that the testimony given is a falsity." *Id*.

As above, Appellant could have advanced this claim in the trial court or on direct appeal to this Court. Accordingly, this constitutional claim is also waived under § 9544(b). *See Ford*, *supra* at 330. Furthermore, Section 3106 does not shift the burden of proof from the Commonwealth. It merely ensures that the testimony of Chapter 31 complainants is afforded equal credibility. Indeed, it is well-established in Pennsylvania that the uncorroborated testimony of the victim of a sexual crime is sufficient, on its own, to support a conviction. *See Commonwealth v. Cramer*, 195 A.3d 594, 602 (Pa.Super. 2018) ("[T]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses."). This basic principle is applicable to **all** crimes charged in Pennsylvania. *See Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa.Super. 2018) ("[T]he uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime."). We concur with counsel's conclusion that this claim is meritless.

---

*Commonwealth v. Price*, 876 A.2d 988, 995 (Pa.Super. 2005); *Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa.Super. 1998).

The final claim addressed by counsel concerns multiple allegations of trial counsel ineffectiveness. *See* 42 Pa.C.S. § 9543(a)(2)(ii). In order to obtain relief, Appellant must "plead and prove by a preponderance of the evidence" that his "conviction or sentence" was the result of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilty or innocence could have taken place." *Id*. "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Our Supreme Court has interpreted this inquiry as a three-part test:

> In Pennsylvania, we have applied the Strickland test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. . . . **[I]f a claim fails under any required element of the Strickland test, the court may dismiss the claim on that basis.**

*Commonwealth v. Housman*, 226 A.3d 1249, 1260-61 (Pa. 2020) (cleaned up; emphasis added).

Appellant has raised two separate claims of ineffectiveness, asserting that trial counsel erred by: (1) failing to object to alleged "judicial bias;" and

(2) failing to object to a statement made during the Commonwealth's closing statement to the jury. Neither claim is of arguable merit.

Appellant's first claim of ineffectiveness references a brief discussion amongst the trial court and the parties regarding the jury's request for clarification of certain aspects of the trial court's charge. **See** N.T. Trial, 8/7/08, at 68-70. After agreeing that an instruction on corroborated testimony should be repeated to the jury, the parties debated whether a separate charge re-explaining reasonable doubt would be appropriate. At this point, the trial court stated: "Well, the lead charge, this does have reasonable doubt in it." **Id**. at 70. Appellant characterizes this language as an admission by the trial court that the Commonwealth had not satisfied its burden of proof with respect to the "lead" charge against Appellant. PCRA Petition, 6/28/16, at 14. He asserts trial counsel was ineffective for not seeking dismissal.

We do not view this excerpt in the same light as Appellant. Plainly read, the trial court's statement was a straightforward expression of its belief that an instruction regarding "reasonable doubt" appeared in a portion of its charge to the jury. N.T. Trial, 8/7/08, at 68-70. We agree with counsel's conclusion that this claim lacks arguable merit. **See Commonwealth v. Rivera**, 816 A.2d 282, 292 (Pa.Super. 2003) ("It is axiomatic that trial counsel will not be considered ineffective for failing to pursue meritless claims.").

Appellant's second allegation of ineffectiveness relates to statements made by the Commonwealth's attorney during closing remarks. Appellant's

daughter testified on his behalf and sought to cast doubt on the testimony of R.B. During his closing argument, the prosecutor raised issues concerning Appellant's daughter's credibility:

> That's what we ask people to do, to tell the truth about what they do and do not remember. But the corroboration in this case also comes from two other people that were there, [Appellant's daughter] and [Appellant's] statement. And there is no doubt that [Appellant's daughter] loves her father. I don't have to ask that question to know the answer. And there is no doubt that she wants to protect him. But there should also be no doubt at this point that she was not in the living room for long periods of time that evening. Because if she was, she wouldn't have told the detective that she was on the computer and she came down a couple times to get drinks and to check on them.

N.T. Trial, 8/7/08, at 35-36. Based upon this passage, Appellant argued that "the jury was essentially told that [Appellant's daughter] would lie to protect her father," and he claims that trial counsel was ineffective for failing to object. PCRA Petition, 6/28/16, at 14. We disagree.

"It is settled that it is improper for a prosecutor to express a **personal belief** as the credibility of the defendant or other witnesses." **Commonwealth v. Chmiel**, 889 A.2d 501, 544 (Pa. 2005) (emphasis added). "However, the prosecutor may **comment** on the credibility of witnesses." **Id**. "Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor." **Commonwealth v. Judy**, 978 A.2d 1015, 1020 (Pa.Super. 2009).

As with his first claim of ineffectiveness, Appellant has taken factual liberty. Contrary to his allegations, the prosecutor did not offer an

inappropriate personal opinion regarding the testimony of the witness, but properly drew the jury's attention to the evidence presented at trial.[6]  Overall, we find no merit in Appellant's allegations and trial counsel cannot be deemed ineffective for failing to pursue them.  **See Rivera**, **supra** at 292. Consequently, we agree with counsel's conclusion that this claim lacks merit.

Having addressed the issues discussed in counsel's **Turner**/**Finley** filings, we now turn to the issues raised in Appellant's *pro se* filings. Appellant's three *pro se* responses were filed, respectively, on April 20, June 8, and June 11, 2021.  These submissions are disorganized and often incomprehensible.  In his April 20 response, Appellant sets forth a list of issues, which include unexplained references to: (1) the "two witness rule" concerning perjury allegations; (2) prosecutorial misconduct / double jeopardy; (3) taint; (4) violations of **Brady v. Maryland**, 373 U.S. 83 (1963); (5) judicial impropriety; (6) surmise and conjecture; and (7) layered ineffective assistance of counsel.  **See** *Pro Se* Response, 4/20/21, at 1.  The only substantive arguments offered by Appellant are handwritten notations in the margins of additional photocopied pages.  From the limited discussion available, we discern that all of these claims are duplicative of those addressed in counsel's **Turner**/**Finley** filing save the "two witness rule" and "layered ineffective assistance of counsel" claims.

---

[6] **See McAleer I**, **supra** at 2 ("Appellant's daughter also testified, indicating that she had not witnesses any of the events described by R.B.").

Appellant's June 8 response does not address any claims concerning this case, but includes documents pertaining to an administrative hearing over a jailhouse altercation between Appellant and another inmate. *See Pro Se* Response, 6/8/21, at 1-12. Appellant's June 11 submission is a list of Pennsylvania and federal cases that are individually categorized by issue. *See Pro Se* Response, 6/11/21, at 2. From the limited discussion offered in this document, the claims and citations are duplicative of those addressed above.

Accordingly, we discern that the only two "new" issues raised by Appellant in these *pro se* filings implicate the two witness rule and an undescribed layered ineffective assistance of counsel claim. *See Pro Se* Response, 4/20/21, at 1. The "two witness rule" only pertains to prosecutions for perjury, which is not at issue herein. *See Commonwealth v. Johnson*, 626 A.2d 514, 515 (Pa. 1993) ("The 'two-witness rule,' . . . required at common law that the falsity element of a perjury conviction be supported either by the direct testimony of two witnesses or by the direct testimony of one witness and corroborating evidence.") (citing 18 Pa.C.S § 4902(f)). Furthermore, any claim concerning a violation of this rule could have been raised by Appellant on direct appeal and is, therefore, waived. *See* 42 Pa.C.S. 9544(b). We find no merit in Appellant's invocation of this legal principle.

Appellant's assertion of layered ineffective assistance of counsel claim contains no substantive discussion or citation to any alleged error by his attorneys that would constitute ineffectiveness. Indeed, we are unable to

determine which of Appellant's prior or current attorneys are implicated by this bare claim of error. *See Pro Se* Response, 4/20/21, at 1. Appellant's failure to articulate the precise nature of his claim for relief is fatal, as our separate review of the certified record and transcripts has not uncovered any layered ineffectiveness by prior counsel of record.

Based upon the foregoing, our independent review of the record confirms counsel's assessment that there is no merit in Appellant's request for PCRA relief. Therefore, we discern no error of law or abuse of discretion in the PCRA court's denial of his petition.

Petition of Stephen T. O'Hanlon, Esquire, to withdraw is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/21