662 A.2d 1123

COMMONWEALTH of Pennsylvania, Appellant,

v.

Rodney J. NOLL, Appellee.

Superior Court of Pennsylvania.

Argued June 8, 1995.

Filed July 26, 1995.

Iva C. Dougherty, Asst. Dist. Atty., Reading, for Com., appellant.

William R. Bernhart, Reading, for appellee.

Before MCEWEN, TAMILIA, and KELLY, JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether the trial court properly granted appellee's, Rodney Noll's, motion *in limine* precluding the Commonwealth from utilizing as an expert witness an accident reconstruction expert who had originally been hired by appellee's counsel to assist in the preparation of a possible civil lawsuit by appellee stemming from the same automobile accident which resulted in the criminal charges being brought against him. We affirm.

The relevant facts and procedural history of this appeal are as follows:

On November 9, 1993, at approximately 8:00 a.m., Mr. Noll was the operator of a pick-up truck involved in a collision with another vehicle on Frush Valley Road, Muhlenberg Township, Berks County. A passenger in the other vehicle was killed in the crash.

Mr. Noll immediately consulted with an attorney, Peter Munsing, Esq., about filing a civil suit. Mr. Munsing hired William Bowes, an accident reconstruction expert, to assist in preparation for possible litigation. Mr. Bowes contacted the police who accompanied him on November 10, 1993, to the site of the collision and [to] the salvage yard to view the vehicles. Mr. Noll decided, apparently as a result of Mr. Bowes' finding, not to pursue a civil suit. The Commonwealth subsequently employed Mr. Bowes to investigate the incident.

Corporal Thomas Dougherty of the Muhlenberg Township Police Department filed a criminal complaint on February 4,

1994, charging Mr. Noll with homicide by vehicle, 75 Pa. C.S.A. § 3732, and three summary traffic violations. A preliminary hearing was conducted before District Justice Anthony F. Horning on March 8, 1994. District Justice Horning bound all of the charges over for court. Mr. Bowes testified at the preliminary hearing as an expert witness on the Commonwealth's behalf.

Mr. Noll filed a Motion in Limine asking that the testimony of Mr. Bowes be precluded at trial. The Commonwealth has appealed the Order of the trial court granting the motion.

(Trial Court Opinion at 1–20).

On appeal, the Commonwealth raises the following issue for our review:

WHETHER THE LOWER COURT ERRED IN GRANT-ING THE DEFENSE MOTION *IN LIMINE* PRECLUD-ING THE TESTIMONY OF THE COMMONWEALTH'S EXPERT WITNESS?

(Commonwealth's Brief at 3).

 At the outset, we review the scope and purpose of a motion *in limine.*

A motion *in limine* is a pre-trial application before a trial court made outside the presence of a jury, requesting a ruling or order from the trial court prohibiting the "oppos-ing counsel from referring to or offering into evidence matters so highly prejudicial to the moving party that curative instructions cannot alleviate an adverse effect on the jury. *See* Black's Law Dictionary 914 (5th ed. 1979). *See also Commonwealth v. Johnson,* 399 Pa.Super. 266, 582 A.2d 336 (1990), *appeal granted,* 529 Pa. 617, 600 A.2d 534 (1991) (citing L. Packel & A.B. Poulin, *Pennsylvania Evi-dence* § 103.3 (1987)). The purpose of a motion *in limine* is two fold: 1) to provide the trial court with a pre-trial opportunity to weigh carefully and consider potentially prej-udicial and harmful evidence; and 2) to preclude evidence from ever reaching a jury that may prove to be so prejudi-cial that no instruction could cure the harm to the defen-

dant, thus reducing the possibility that prejudicial error could occur at trial which would force the trial court to either declare a mistrial in the middle of the case or grant a new trial at its conclusion. 75 Am.Jur.2d § 94 & § 98. Further, a ruling on a pre-trial motion *in limine* provides counsel with a basis upon which to structure trial strategy. Blumenkopf, *The Motion in Limine: An Effective Procedural Device With No Material Downside Risks,* 16 N.Eng.L.Rev. 171 (1981). The motion *in limine* is an effective procedural device with no material downside risk. *Id.* at 171–72. Once the court has pronounced its decision, the matter before it will proceed unless the Commonwealth elects to appeal an adverse ruling. *Commonwealth v. Cohen,* 529 Pa. 552, 557, 605 A.2d 1212, 1215 (1992). For purposes of appealability, the court's ruling on a motion *in limine* is exactly the same as a pre-trial suppression order. *Id.* at 557, 605 A.2d at 1215. Thus, both a suppression order and a pre-trial motion *in limine* excluding evidence are immediately appealable by the Commonwealth. *Id.* at 557, 605 A.2d at 1215.

*Commonwealth v. Metzer,* 430 Pa.Super. 217, 226–27, 634 A.2d 228, 232–33 (1993).

 Evidentiary rulings are committed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Id.* at 226, 634 A.2d at 232. It was within the discretion of the trial court to preclude the testimony of the Commonwealth's accident reconstructionist, William Bowes, as Mr. Bowes had been retained by the defense to perform an investigation of the incident prior to his investigation for the Commonwealth. As the trial court stated,

It would be patently unfair for the Commonwealth to base its reconstruction of the crash on information which its expert gathered while employed in the same capacity by Mr. Noll. There is no possible curative instruction in this situation. It would be impossible to point to particular portions of Mr. Bowes' testimony which must be stricken or provide some general missive directing the jury to view the

expert's testimony with caution. In addition, there is no particular prejudice to the Commonwealth from this ruling. Competent accident reconstruction experts are plentiful. There was absolutely no need to employ as the Commonwealth's expert someone who had previously investigated the accident for Mr. Noll.

(Trial Court Opinion at 2–3). We agree.

▮ Furthermore, the information gathered by Mr. Noll should be protected by the attorney work product doctrine and the attorney-client privilege. The attorney-client privilege has long been a part of Anglo–American Law. Wigmore has traced the history of the attorney-client privilege, "back to the reign of Elizabeth I, where the privilege already appears as unquestioned." [1] The sanctity of communications between client and attorney had remained firmly established despite the preeminence since the late eighteenth century of "the judicial search for truth and its demand for every man's evidence." [2] The attorney-client privilege has been part of Pennsylvania law since the founding of the Pennsylvania colony, and has been codified in our statutory law. *See* 42 Pa.C.S.A. § 5928. The attorney-client privilege is not waived where a client allows disclosure to an agent assisting the attorney in giving legal advice to the client. *In re Grand Jury Matter*, 147 F.R.D. 82, 84 (E.D.Pa.1992). Thus, where legal assistance is rendered by an agent of an attorney, communications are permanently protected from disclosure by the agent, the attorney, or the client, unless waived by the client. *United States v. Kovel*, 296 F.2d 918, 921–22 (2d Cir.1961). *See also* J. Wigmore *supra*, § 2301 at 583. As Mr. Bowes was an agent of Attorney Munsing hired to assist in providing legal advice to Mr. Noll, the attorney-client privilege was not waived. This privilege protects those disclosures that are necessary to obtain informed legal advice which might not

---

1. Waldman, Beyond Upjohn: The Attorney–Client Privilege in the Corporation Context, 28 William and Mary Law Review 473–475 *citing* 8 J. Wigmore, Evidence in Trials at Common Law § 2290 at 542 (McNaughton rev. ed. 1961) (footnotes omitted).

2. J. Wigmore *supra*, §§ 2290 at 543.

have been made absent the privilege. *In re Grand Jury Matter*, 147 F.R.D. 82, 84 (E.D.Pa.1992). This privilege *only* applies where the client's ultimate goal is legal advice. *Id.* at 85. In the instant case, Mr. Bowes was retained by Attorney Munsing to investigate an incident in order to provide legal advice. Therefore, any information regarding Mr. Bowes investigation of the accident would be privileged.

██ The attorney work product doctrine provides even broader protections than the attorney-client privilege. *Id.* at 86. It promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients. *Id.* at 86 (citing *Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451, 461 (1947)). As attorneys must often rely on the assistance of investigators and other agents in the compilation of materials necessary for trial, the doctrine protects materials prepared by agents for the attorney, as well as those prepared by the attorney himself. *Id.* at 87 (citing *United States v. Nobles*, 422 U.S. 225, 238–39, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141, 154 (1975)). It includes "interviews, statements, memoranda, correspondence, briefs, mental impressions [and] personal beliefs." *Id.* (quoting *Hickman v. Taylor, supra* ). The investigative findings of Mr. Bowes would be protected as he is an agent of Attorney Munsing and his inquiry was conducted with an eye toward litigation. Had the Commonwealth not hired Mr. Bowes to investigate this accident (subsequent to his investigation for Mr. Noll), the Commonwealth would not be able to call Mr. Bowes as a witness.

We are also not persuaded by the Commonwealth's argument that *Commonwealth v. Porter*, 524 Pa. 162, 569 A.2d 942 (1990) controls. In *Commonwealth v. Porter, supra*, the court found that the trial testimony of an expert, once employed by the defendant, was not prejudicial. This was because the testimony was cumulative and offered on rebuttal to corroborate the earlier testimony of a police expert, and to rehabilitate the testimony of another witness. Aside from the obvious

procedural differences between that case and the instant case,[3] the expert testimony in *Commonwealth v. Porter, supra* was not dispositive. It was cumulative, and only offered on rebuttal. In the instant case, the accident reconstructionist, Mr. Bowes, was the prosecution's key witness. He accepted employment on behalf of the Commonwealth to investigate the accident *after* he had already investigated the accident for Mr. Noll.

Based upon the foregoing, we hold that the Commonwealth's claim that the trial court erred in granting the defense motion *in limine* precluding the testimony of the Commonwealth's expert witness is without merit. Therefore, we affirm the order of the trial court granting the defense motion *in limine* precluding the testimony of the Commonwealth's accident reconstructionist, William Bowes.

Order affirmed.

---

3. In *Commonwealth v. Porter, supra,* an appeal was taken after judgment was entered and the appellant requested a new trial. In the instant case, a pre-trial motion was granted to eliminate any chance of prejudice to the defendant and to allow the Commonwealth to procure another expert prior to trial.