# Gennock v. Med-Stat Ambulance Service. Inc.

*John Lucas,* for plaintiffs.
*Robert W. Deer,* for defendants Med-Stat and Gleason.
*John A. Robb Jr.,* for defendant Bowers.

O'BRIEN, *P.J.*, August 16, 1996—Before the court is defendants' motion to certify an interlocutory order for appeal. For the reasons set forth in the within memorandum opinion defendants' motion is denied.

Defendants' motion is made to appeal this court's July 16, 1996 order disqualifying Dr. Charles Winek, a toxicologist, as an expert witness in this case. The court found that Dr. Winek was contacted by plaintiff's attorney in January 1994, at which time confidential information was disclosed. Plaintiff's attorney, as a result of such contact, believed he would be able to contact Dr. Winek for his services in the future. In July 1994, defendants' attorney contacted Dr. Winek to provide an expert opinion on behalf of defendants. The court also found that Dr. Winek did not recall his conversation with plaintiff's attorney when approached by defendants' attorney and he did not knowingly disclose any confidential information provided to him by plaintiff's attorney. Thus, this court determined Dr. Winek was caught in a conflict of interest and disqualified from this case.

Rule 1311 of the Pennsylvania Rules of Appellate Procedure provides an appeal may be taken by permission under 42 Pa.C.S. §702(b) from an interlocutory order of a lower court. Such interlocutory order must set forth expressly the following certification from the trial court:

"The court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this matter."

To meet the first requirement for certification, defendants assert their intoxication defense involves a controlling question of law in which there is substantial

ground for difference of opinion. The court finds, however, the issue here to be whether an expert witness should be disqualified from testifying based upon the attorney-client privilege.

Case law clearly establishes the application of the attorney-client privilege for confidential communications. See *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.,* 32 F.3d 851 (3d Cir. 1994); *Bird v. Penn Central Co.,* 61 F.R.D. (43 E.D. Pa. 1973); "The attorney-client privilege is not waived where a client allows disclosure to an agent assisting the attorney in giving legal advice to the client." *Commonwealth v. Noll,* 443 Pa. Super. 602, 607, 662 A.2d 1123, 1126 (1995).

In *Noll,* the attorney-client privilege precluded the expert witness for the prosecutor from testifying because the expert was previously retained by defendant to assist in the preparation of a possible civil lawsuit in connection with an automobile accident which also resulted in criminal charges against him. The Superior Court of Pennsylvania reached this decision because the expert was an agent of defendant's attorney. The attorney-client privilege "protects those disclosures that are necessary to obtain informed legal advice which might not have been made absent the privilege. . . . This privilege only applies where the client's ultimate goal is legal advice." *Id.* at 607-608, 662 A.2d at 1126. (citation omitted) An agency relationship can be found if it is determined by the facts and circumstances that "there was at least an implied intention to create the relationship." *Osborne v. Victor Dairies Inc.,* 138 Pa. Super. 117, 122, 10 A.2d 129, 132 (1939). In addition, the attorney-client privilege once attached, survives termination of the attorney-client relationship. *Commonwealth v. Hutchinson,* 290 Pa. Super. 254, 434 A.2d 740 (1981).

Similar to *Noll,* in the case at hand, plaintiff's attorney contacted Dr. Winek in order for the attorney to provide legal advice to his client, the plaintiff. An implied agency relationship was created when plaintiff's attorney contacted Dr. Winek, disclosed confidential information to him and believed he could use Dr. Winek's services in the future. Once this occurred, the attorney-client privilege attached. Thus, regardless of whether Dr. Winek specifically remembers the disclosure, the attorney-client privilege has attached and can only be waived by the client. Thus, as case law clearly recognizes that communications between the client, attorney, and his agents are privileged, the issue at hand is not one which has a substantial ground for difference of opinion.

Even if the court determined the attorney-client privilege was a controlling question of law, this issue does not materially advance the ultimate termination of this matter, the second element for the trial court's certification of an interlocutory appeal. Defendants contend an immediate appeal is proper because if the disqualification of Dr. Winek is reversed, it would be unnecessary for the parties to take the time and expense to seek another expert. Defendants are not prejudiced by obtaining a replacement expert. The opinion necessary for defendants' intoxication defense can be given by any qualified toxicologist of which there are many available. A stay of the proceedings so an appeal by permission may be taken only serves to delay the ultimate trial of the merits of this matter.

Defendants also assert even if Dr. Winek's disqualification is affirmed, the issue would be removed from appeal after trial and the parties would be more inclined to settlement before trial. This is not a valid reason for certification of an interlocutory order since defendants may not even seek an appeal should the outcome

of the trial be favorable to them. Thus, the ultimate termination of this matter would not be materially advanced.

## ORDER

And now, August 16, 1996, upon due consideration of defendants' motion to certify interlocutory order for appeal and plaintiff's response, the motion is denied.