**Terhorst v. Kiessling**

C.P. of Adams County, no. 96-S-220.

*Thomas R. Campbell,* for plaintiffs
*B. Craig Black,* for defendant.
*Robert L. McQuaide,* for additional defendant.

KUHN, *J.,* August 14, 1998—On March 13, 1996, plaintiffs, Kelly A. and Brian L. Terhorst, filed a complaint in negligence against defendant, Walter Kiessling. On May 17, 1996, defendant filed a complaint against additional defendant, Jolene Shorb. A trial in this matter is scheduled for the term beginning September 14, 1998. Both plaintiffs and defendant have filed motions in limine.

## STATEMENT OF FACTS

The relevant facts are alleged as follows: On April 17, 1995, Kelly Terhorst, plaintiff, was driving westbound on U.S. Route 30. The car in front of plaintiff was stopped waiting to make a left-hand turn. Defendant was driving in the same direction as plaintiff but failed to stop behind her thereby hitting the rear of plaintiff's car. Additional defendant was also traveling westbound on U.S. Route 30 and failed to stop behind defendant causing defendant's vehicle to again strike plaintiff's car. Plaintiff suffered injuries as a result of these impacts.

## LEGAL DISCUSSION

"A motion in limine is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered."

*Meridian Oil and Gas Enterprises Inc. v. Penn Central Corp.,* 418 Pa. Super. 231, 239, 614 A.2d 246, 250 (1992), *alloc. denied,* 534 Pa. 649, 627 A.2d 180 (1993). "The purpose of a motion in limine is twofold: (1) to provide the trial court with a pretrial opportunity to weigh carefully and consider potentially prejudicial and harmful evidence; and (2) to preclude evidence from ever reaching a jury that may prove to be so prejudicial that no instruction could cure the harm to the defendant, thus reducing the possibility that prejudicial error could occur at trial which would force the trial court to either declare a mistrial in the middle of the case or grant a new trial at its conclusion." *Commonwealth v. Noll,* 443 Pa. Super. 602, 605-606, 662 A.2d 1123, 1125 (1995), *alloc. denied,* 543 Pa. 726, 673 A.2d 333 (1996). (citations omitted) The admissibility of evidence is a matter addressed to the sound discretion of the trial court and should not be overturned absent an abuse of discretion. *Whyte v. Robinson,* 421 Pa. Super. 33, 38, 617 A.2d 380, 383 (1992).

Plaintiff argues in her motion in limine that a limited tort election form, executed by plaintiff Brian L. Terhorst, should not be admitted into evidence as proof that plaintiff may not pursue noneconomic damages. Plaintiff claims she was not a signatory to this limited tort release and as "first named insured" cannot be bound by her husband's release.[1] This argument is not supported by the statute. Section 1705 specifically states:

---

1. The factual background presented in plaintiff's brief suggests that the form signed by plaintiff Brian Terhorst did not contain proper notice under the Motor Vehicle Financial Responsibility Law ("MVFRL"). However, there is no further discussion of this issue and it is not a part of plaintiff's motion in limine. Therefore, this court will not address it.

*"(b) Application of tort options.— . . .*

"(2) The tort option elected by a *named insured* shall apply to all *insureds* under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy . . . ."[2] 75 Pa.C.S. §1705(b)(2). (emphasis added)

The term "insured" is defined in subsection (f) as follows:

*"(f) Definitions.*—As used in this section, the following words and phrases when used in this section shall have the meanings given to them in this subsection unless the context clearly indicates otherwise:

" *'Insured.'* Any individual residing in the household of the named insured who is:

"(1) a spouse or other relative of the named insured; or

"(2) a minor in the custody of either the named insured or relative of the named insured.

" *'Named insured.'* Any individual identified by name as an insured in a policy of private passenger motor vehicle insurance." 75 Pa.C.S. §1705(f).

The statute makes no distinction between "first named insured," as used by plaintiff, and "named insured" and plaintiff cites to no case law supporting such a distinction. The statutory language clearly sets forth that any "named insured" in the policy may elect the tort option. The statute goes on to state that such an election is applicable to all insureds, including, as in the case at hand, the named insured's spouse. Thus, the election of limited tort options is applicable to plaintiff and is admissible into evidence.

---

2. There is no evidence that there is any other private passenger motor vehicle policy in effect.

Defendant has also filed a motion in limine arguing that evidence of plaintiff's medical expenses is inadmissible under 75 Pa.C.S. §1722. The record does not presently contain sufficient facts to allow this court to determine if the evidence in the case at hand is admissible. Thus, this issue will await disposal until after the parties have attended a second pretrial conference.

Accordingly, the attached order is issued.

### ORDER

And now, August 14, 1998, plaintiffs' motion in limine is denied. Disposition of defendant's motion in limine is deferred until after the parties attend a second pretrial conference.