## McMillen v. Herr-Voss Corp.

C.P. of Butler County, no. 95-10774.

*Donald P. Graham,* for plaintiff.
*David G. Klaber,* for defendant.

O'BRIEN, *P.J.,* August 5, 1999—Plaintiff Wilma E. McMillen has filed a motion to compel defendant Herr-Voss Corporation to provide answers to plaintiff McMillen's interrogatories and request for production of documents.

Plaintiff McMillen has filed a complaint against defendant Herr-Voss for the death of her husband, James McMillen, that was allegedly caused by a malfunction with a machine manufactured by defendant Herr-Voss. James McMillen was an employee of Armco who had purchased the machine from defendant Herr-Voss. Plaintiff McMillen claims defendant Herr-Voss was negligent in the manufacturing of this machine and should be held strictly liable for her husband's death.

In the interrogatories and request for production of documents served on defendant Herr-Voss, plaintiff McMillen sought to discover information surrounding any post-accident investigation into the death. Specifi-

cally, plaintiff McMillen seeks inter alia, copies of the notes and reports that resulted from the meeting between defendant Herr-Voss employees and Armco employees regarding the death.

In response to these requests, defendant Herr-Voss contended the information was protected from discovery by the attorney-client privilege and the work product doctrine.

A confidential communication or disclosure made by a client to the client's attorney for purposes of obtaining legal advice is protected from discovery by the attorney-client privilege. See 42 Pa.C.S. §5928; *Brennan v. Brennan,* 281 Pa. Super. 362, 371, 422 A.2d 510, 514 (1980). The court may require disclosure of the communication if the party seeking disclosure establishes that non-disclosure would frustrate the administration of justice. See *Brennan* at 372, 422 A.2d at 515. Any doubt as to whether the administration of justice would be frustrated by non-disclosure should be resolved in favor of non-disclosure. See *id.*

In the present case, James Phillips, vice president finance and administration for defendant Herr-Voss, stated in his deposition he attended a meeting with the Armco employees concerning the accident and prepared a report of the meeting and his observations at the request of counsel. See plaintiff's exhibit C at 29. Further, defendant Herr-Voss in the answers to the interrogatories states the meeting between defendant Herr-Voss employees and Armco employees was arranged at the request of counsel for the purpose of discussing the accident.

Statements made by defendant Herr-Voss employees to counsel regarding the accident and for the purpose of obtaining legal assistance are protected by the attorney-

client privilege. Further, any reports or written communications defendant Herr-Voss employees may have prepared at the request of counsel are protected by the attorney-client privilege. Conversations defendant Herr-Voss employees and Armco employees may have had regarding the accident and any notes taken[1] do not constitute communications between a client and an attorney, and therefore, are not protected by the attorney-client privilege. Merely depositing the notes with the attorney does not transform them into confidential communications. See 42 Pa.C.S. §5928. See also, *Benton v. Mechanicsburg Sub-Acute Rehab. Associates,* 23 D.&C.4th 559 (1993).

The work product doctrine protects from discovery records of interviews, statements, memoranda, correspondence, briefs, and documents containing mental impression and/or personal beliefs prepared by an attorney or the attorney's agent. See *Commonwealth v. Noll,* 443 Pa. Super. 602, 608, 662 A.2d 1123, 1126 (1995).

In the present case, any employees of defendant Herr-Voss present at the meeting with Armco were not acting as agents for counsel nor were they in the employment of counsel. Rather, they were functioning as representatives and employees of defendant Herr-Voss. Therefore, any written documentation the employees may have prepared, including written notes, is not attorney work product and is not protected as such under the work product doctrine.

---

1. By "notes taken" the court means to include any handwritten notes taken during the meeting as well as any written summaries of the meeting that may have been prepared afterwards but were not requested by counsel.

## ORDER

And now, August 5, 1999, the court hereby orders that

(1) Plaintiff McMillen's motion to compel is granted with regard to any conversations defendant Herr-Voss had with Armco employees concerning the accident and with regard to any notes made about the accident.

(2) Plaintiff McMillen's motion to compel is denied with regard to any conversations defendant Herr-Voss had with counsel about the accident and for the purpose of obtaining legal advice, and with regard to any report defendant Herr-Voss employees prepared at the request of counsel.

Defendant Herr-Voss is directed to provide answers to plaintiff McMillen's interrogatories and requests for production of documents in accord with this opinion.