**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Dennis LOCKCUFF, Appellee.**

Superior Court of Pennsylvania.

Submitted July 29, 2002.

Filed Dec. 12, 2002.

858

Kenneth A. Osokow, Asst. Dist. Atty., Williamsport, For Com.

Kyle W. Rude, Williamsport, for appellee.

Before: JOHNSON, HUDOCK and BECK, JJ.

BECK, J.:

¶ 1 In this Commonwealth appeal challenging the trial court's order granting defendant/appellee's pretrial motion to preclude evidence, we examine Pennsylvania Rule of Evidence 404(b), specifically, the identity exception of the Rule.[1] After

---

1. Evidence of other crimes, wrongs, or acts    may be admitted for other purposes, such as

careful consideration of the facts and relevant law, we reverse and remand for further proceedings.

¶ 2 This case concerns defendant/appellee Dennis Lockcuff, who was charged with arson[2] and related offenses[3] in the fall of 1999. At that time, Lockcuff owned a commercial property in South Williamsport. The building housed a diner on the first floor, which was operated by Lockcuff, and an apartment on the second floor, which Lockcuff leased to tenant Jane Shaner. On August 22, 1999, firefighters responded to a call and discovered a fire in the diner.

¶ 3 Police and fire department investigators found that a combustible liquid had been poured and ignited in the basement of the building. Police also discovered an insurance cancellation notice indicating that Lockcuff's property insurance was to be canceled on August 29, 1999, seven days after the incident. Further investigation revealed that the diner business was failing and had been up for sale for several months. Lockcuff was arrested and later bound over for trial.

¶ 4 Prior to trial, Lockcuff filed a motion in *limine* seeking to bar testimony by his former tenant Shaner.[4] At a hearing on the motion, the Commonwealth confirmed that it intended to present Shaner as a witness. Apparently, Shaner was to testify that on July 25, 1999, approximately one month before the fire, she locked her apartment door and left the residence for the day to attend a family reunion. When she returned, she found her door locked, but also discovered an empty pot on the stove and the burner on. Shaner would testify that when she left her apartment, the door was locked and the stove was not on; indeed, she had not used the stove in several days. In addition, Shaner would testify that Lockcuff was the only other person who had a key to her apartment.[5] The Commonwealth also intended to offer evidence that at the time of the Shaner incident, Lockcuff was experiencing financial difficulties.

¶ 5 The Commonwealth characterized Shaner's testimony as evidence of a prior bad act offered to establish a common plan or scheme on Lockcuff's part. It also offered the evidence as proof of identity, that is, that Lockcuff was the person who attempted to start a fire in Shaner's apartment, as well as the person who started the fire in the diner. Lockcuff objected to evidence, arguing first that the two acts were not similar enough to satisfy proof of a common plan or scheme. He further contended that the evidence did not tend to establish identity because there was no definitive proof that he committed the act in Shaner's apartment.

¶ 6 The trial court granted Lockcuff's request and precluded the Commonwealth from using Shaner's testimony at trial. The Commonwealth filed this appeal pur-

---

proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. P.R.E. 404(b)(2).

**2.** 18 Pa.C.S.A. § 3301(a); (c); and (d).

**3.** The additional charges included Causing or Risking a Catastrophe, 18 Pa.C.S.A. § 3302; Criminal Mischief, 18 Pa.C.S.A. § 3304; Insurance Fraud, 18 Pa.C.S.A. § 4117; Perjury, 18 Pa.C.S.A. § 4902; and False Swearing, 18 Pa.C.S.A. § 4903.

**4.** According to the affidavit of probable cause, Lockcuff told police that Shaner moved out of the apartment on August 21, 1999, the day before the fire.

**5.** The affidavit of probable cause also reflected that Shaner made a report to local police, who prepared a memorandum detailing the suspicious incident.

suant to Pa.R.A.P. 311(d),[6] certifying in its notice of appeal that the trial court's order substantially handicapped its case against Lockcuff. *See Commonwealth v. Matis,* 551 Pa. 220, 230–31, 710 A.2d 12, 17 (1998) (Commonwealth may appeal from an order that excludes evidence it seeks to offer at trial). The issue is now ripe for our consideration.

■ ¶ 7 A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. *Commonwealth v. Johnson,* 399 Pa.Super. 266, 582 A.2d 336, 337 (1990), *aff'd.,* 534 Pa. 51, 626 A.2d 514 (1993). We review the grant of such a motion "by applying the scope of review appropriate to the particular evidentiary matter at issue." *Id.* We may reverse rulings on the admissibility of evidence only if it is shown that the trial court abused its discretion. *Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603 (1993), *cert. denied,* 511 U.S. 1115, 114 S.Ct. 2123, 128 L.Ed.2d 678 (1994). Further, if in reaching a conclusion, the trial court overrides or misapplies the law, "discretion is then abused and it is the duty of the appellate court to correct the error." *Commonwealth v. Bellini,* 333 Pa.Super. 526, 482 A.2d 997, 999 (1984) (citations omitted).

■ ¶ 8 Evidence of other crimes, wrongs or bad acts is inadmissible to prove a defendant's propensity to commit the crimes for which he is being tried. P.R.E. 404(b)(1) [7]; *Commonwealth v. Miller,* 541 Pa. 531, 664 A.2d 1310 (1995), *cert. denied,* 516 U.S. 1122, 116 S.Ct. 932, 133 L.Ed.2d 859 (1996). However, evidence of prior bad acts is admissible for other purposes, including proof of an actor's plan or proof of his identity, where the probative value of the evidence outweighs its potential for prejudice. P.R.E. 404(b)(2); (3);[8] *Commonwealth v. Rogers,* 419 Pa.Super. 122, 615 A.2d 55 (1992). When evidence is admitted under one of these exceptions, the trial judge instructs the jury on its limited purpose. *See Pennsylvania Suggested Standard Criminal Jury Instruction 3.08.*

■ ¶ 9 One of the bases for admission proffered by the Commonwealth was that Shaner's testimony was evidence of a common scheme or plan. The trial court rejected this claim, finding that the evidence failed to reveal conduct that was "so distinctive and so nearly identical as to become the signature of the same perpetrator." Trial Court Opinion, 11/16/01, at 2 (relying on *Commonwealth v. Gordon,* 438

---

6. The Rule provides:
   Commonwealth Appeals in Criminal Cases. In a criminal case, under circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.
   Pa.R.A.P. 311(d).

7. The Rule provides:
   Other Crimes, Wrongs, or Acts
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

P.R.E. 404(b)(1).

8. The Rule provides:
   Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Evidence of other crimes, wrongs, or acts offered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.
   P.R.E. 404(b)(2);(3).

Pa.Super. 166, 652 A.2d 317 (1994), *aff'd.*, 543 Pa. 513, 673 A.2d 866 (1996)). The court held that because "the two incidents [were] not sufficiently similar, the burner incident [did] not come within the common scheme or plan exception." *Id.* at 3. We agree with the trial court's analysis and conclusion.

¶ 10 Although the trial court analyzed the common plan exception, it did not address the Commonwealth's second basis for admission, namely, identity. After careful review of the record and applicable law, we conclude that the evidence was admissible under the identity exception to P.R.E. 404(b) and the trial court's order must be reversed. *See Commonwealth v. Burton,* 770 A.2d 771 (Pa.Super.2001) (admitting evidence of prior bad acts that tended to establish that the defendant was the perpetrator of the instant crime).

¶ 11 Shaner's testimony would have revealed that someone, just one month prior to the fire at issue in this case and during the period of time that Lockcuff was experiencing financial difficulties, entered her locked apartment, placed a pot on the stove, turned on the burner and left the premises with the door locked. Shaner would have testified further that only Lockcuff, her landlord, had a key to the apartment, thereby enabling him to enter through the locked door and secure the premises after he exited. This evidence is indeed probative of identity, *i.e.,* whether Lockcuff, the building's owner whose property insurance was about to expire and who had been unable to sell his failing business, deliberately set a fire in his diner one month later.

¶ 12 Lockcuff argues that there was no "definitive proof" that he was the person who entered Shaner's apartment, thus precluding the Commonwealth from using the evidence. We do not agree. P.R.E. 404(b) is not limited to evidence of crimes that have been proven beyond a reasonable doubt in court. It encompasses both prior *crimes* and prior *wrongs and acts,* the latter of which, by their nature, often lack "definitive proof." Essentially, Lockcuff's complaint about the evidence goes not to its admissibility, but to the weight to be accorded it, a decision clearly left to the fact finder. Thus, Lockcuff would be free to cross-examine Shaner on the facts surrounding the stove incident, her memory of it and her knowledge of who possessed a key to her apartment. But Lockcuff cannot dispute that the Shaner incident was probative of the identity of the perpetrator of the arson. Plainly, the circumstances under which the Shaner incident occurred relates to the identity of the person responsible for the diner fire.

¶ 13 Finally, we conclude that the probative value of the evidence outweighs its prejudice, making it admissible. We recognize that this requirement of balancing probative value against prejudicial impact is an integral part of the Rule 404(b) and we caution that it is not to be disregarded. The weighing process insures that only salient prior acts evidence is admitted, while preventing the admission of attenuated evidence that has little probative value. The balance must be struck with close attention to the facts surrounding the criminal case, as well as those surrounding the prior act.

¶ 14 In this case, the particular circumstances of the Shaner incident, as articulated at the pretrial hearing, lead us to conclude that the evidence Lockcuff sought to preclude was admissible.

¶ 15 Order reversed. Matter remanded for further proceedings. Jurisdiction relinquished.