**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David S. ARDINGER, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 9, 2003.

Filed Dec. 23, 2003.

Angela R. Krom, Asst. Dist. Atty., Chambersburg, for Com., appellant.

George H. Matangos, Lemoyne, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT and KELLY, JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal by the Commonwealth from a pretrial order denying the Commonwealth's motion *in limine* which sought to introduce evidence of a prior bad act under Pa.R.E. 404(b)(2) at Appellee's trial.[1] We reverse and remand.

---

1. Pursuant to Pa.R.A.P. 311(d), the Commonwealth has certified in its notice of appeal that

¶ 2 Appellee has been charged with one count each of involuntary deviate sexual intercourse, statutory sexual assault and indecent assault involving an 11–year–old boy during the period of June 1, 2000 to August 31, 2000. The boy, T.C., lived in a household with his mother, who became good friends with Appellee. The Commonwealth contends that Appellee became a substitute father figure to T.C., spending a great deal of time with him, taking him places and buying him gifts. The Commonwealth seeks to establish that Appellee took advantage of the trust that had developed with the boy and his mother and assaulted the child. On one occasion while the child spent the night at Appellee's home, the child claims he awoke to find Appellee standing next to the bed fondling his penis.

¶ 3 In the prosecution of this action against Appellee the Commonwealth sought to introduce evidence of similar conduct involving a different child. With respect to the other child, P.S., it is alleged that Appellee also cultivated a relationship with him and his family. P.S., who was 10 years old at the time, did not live with his biological father, but rather with his mother, step-father and four other siblings. Appellee was a security guard in their housing development and approached P.S.'s mother and step-father and asked their permission to be a "Big Brother" for P.S. They agreed and Appellee is alleged to have spent a considerable amount of time and attention on P.S., taking him on fun outings and purchasing gifts. It is alleged that on January 15, 2002, when Appellee spent the night at P.S.'s home, the boy awoke to find that his sweat pants were down and Appellee was touching the

boy's genitals with his hands. Appellee was charged in the state of Maryland with child abuse, third degree sex offense, second degree assault, and contributing to the condition of a child. The Commonwealth contends these charges are pending and the case will not be prosecuted until the resolution of the present action in Pennsylvania.

¶ 4 The Commonwealth presented to the trial court a motion *in limine* seeking to admit evidence regarding Appellee's actions in Maryland involving P.S. In support thereof it provided the court with an Offer of Proof. The court denied the Commonwealth's motion. The court in its opinion explained the rationale for its ruling. The court examined the factual similarity between the two alleged crimes and found that they both "embrace distinctive elements that are nearly identical." Trial Court Opinion at 3. It recognized that under Rule 404(b) of the Pennsylvania Rules of Evidence, generally evidence of other crimes, wrongs or acts is not admissible to prove the character of a person. However such evidence is admissible if it is offered to prove motive, opportunity, intent, common plan or scheme, preparation, knowledge, identity or absence of mistake or accident. Pa.R.E. 404(b)(2). The trial court concluded that these two incidents were sufficiently similar so as to constitute a common plan. It noted that both victims were boys of about the same age. Both children were taken advantage of after Appellee developed a relationship of trust with them. Both of the victims looked to Appellee as a father figure or big brother. Moreover, both boys claimed to have been awakened by Appellee as he fondled their

the trial court's order substantially handicaps the prosecution of its case by precluding the admission of relevant and material evidence. Accordingly, this appeal is properly before us for review. *See Commonwealth v. Cosnek,* ——

Pa. ——, 836 A.2d 871 (2003) (finding Rule 311(d) applies only to those "circumstances provided by law" in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence).

genitals. The trial court dismissed an argument made by Appellee that the incidents were different because the Maryland incident consisted of only one contact. The trial court wrote that such an argument left it "dumbfounded." It reasoned that these events constitute a common plan regardless, and that the child in Maryland reported the incident promptly so that there was no opportunity for further abuse.

¶ 5 The trial court then properly went on to consider the requirement of Pa.R.E. 404(b)(3) which directs that "[e]vidence of other crimes, wrongs or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential of prejudice." The court found that the prejudicial impact of the evidence would outweigh its probative value and denied the Commonwealth's motion. It reasoned:

> The Commonwealth would have this court use the Maryland incident against the defendant. The defendant is only charged in Maryland. It is only an allegation. If the court would allow the Commonwealth to use the Maryland charge against the defendant, it would be convicting the defendant of the Maryland incident before he even has a chance to be arraigned or tried. The jury would hear about the Maryland incident when it has not been shown that the defendant committed that crime. This court finds it hard to believe that any instruction to the jury could possibly untaint the jury's prejudice against the defendant.

*Id.* at 5.

¶ 6 Upon review of the trial court's ruling on a motion *in limine* we apply the scope of review appropriate to the particular evidentiary matter at issue. *Commonwealth v. Lockcuff*, 813 A.2d 857 (Pa.Super.2002). We may reverse rulings on the admissibility of evidence only if it is shown that the trial court abused its discretion. *Commonwealth v. Minerd*, 562 Pa. 46, 753 A.2d 225 (2000).

■ ¶ 7 In this matter we find clear support for the court's conclusion that the two incidents were sufficient similar to satisfy the requirements of Pa.R.E. 404(b)(2). *See Commonwealth v. O'Brien*, 836 A.2d 966 (Pa.Super.2003) (finding factual similarities between two crimes involving sexual assault of young boys show a common scheme plan or design). However we conclude the trial court did not thoroughly analyze whether the admission of this evidence would be outweighed by its potential for prejudice.

■ ¶ 8 In considering the potential prejudice involved, the trial court focused solely on the fact that the charges in Maryland against Appellee were not yet resolved and remained at this point in time only an allegation. However, "Pa. R. Evid. 404(b) is not limited to evidence of crimes that have been proven beyond a reasonable doubt in court. It encompasses both prior crimes and prior wrongs and acts, the latter of which, by their nature, often lack 'definitive proof.'" *Lockcuff*, 813 A.2d at 861. While we do not find it error for the court to note that the evidence sought to be admitted did not concern a conviction, rather an allegation, this fact alone is not determinative in a prejudice analysis. Regarding prejudice it has been said:

> Whether relevant evidence is unduly prejudicial is a function in part of the degree to which it is necessary to prove the case of the opposing party. Here, the Commonwealth was required to prove that a non-consensual touching occurred, the purpose of which was sexual gratification. [The defendant] denies

that the touching occurred, and since the uncorroborated testimony of the alleged victim in this case might reasonably lead a jury to determine that there was a reasonable doubt as to whether [the defendant] committed the crime charged, it is fair to conclude that the other crimes evidence is necessary for the prosecution of the case.

Without doubt, the other crimes evidence would be prejudicial to [the defendant.] That is what it is designed to be. On the facts of this case, however, it is not unduly prejudicial, as it is required for the Commonwealth's case.

*Commonwealth v. O'Brien,* 836 A.2d 966, 972 (citing *Commonwealth v. Gordon,* 543 Pa. 513, 673 A.2d 866, 870 (1996)).

¶ 9 Thus, the trial court was required to balance the need demonstrated by the Commonwealth for this evidence against its potential prejudice. We note in this case, where the evidence sought to be admitted did not concern a prior conviction, the Commonwealth did not seek to merely bring in a witness to describe the pending charges. Rather, in its Offer of Proof the Commonwealth asserted that the victim, P.S., would testify. In addition, the Commonwealth claimed it would offer the testimony of P.S.'s mother. These witnesses will be available to the jury so their credibility can be judged and they will be subject to cross-examination which can include questions which will enable to the jury to know that the charges against Appellee in Maryland have not yet resulted in a conviction.

¶ 10 The trial court did not fully examine the question of prejudice in this case in view of the Commonwealth's Offer of Proof. Therefore, we remand this matter to the trial court for further proceedings, analysis and ruling regarding the Commonwealth's motion *in limine.*

¶ 11 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 12 FORD ELLIOTT, J. files a concurring statement.

FORD ELLIOTT, J., Concurring.

¶ 1 For all the reasons set forth by the majority's well-reasoned Opinion, I would reverse the trial court's order, grant the Commonwealth's motion **in limine,** and remand for trial.