J. S20013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES J. KIRKPATRICK, | : | No. 618 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 25, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001133-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES J. KIRKPATRICK, | : | No. 619 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 25, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002084-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 23, 2015**

Appellant, Charles J. Kirkpatrick, appeals from the judgment of sentence entered on March 25, 2014, in the Court of Common Pleas of Erie County.  Appellant's conviction stems from allegations made on two separate occasions and charged on two dockets.  Following a two-day jury trial on both dockets, appellant was convicted of rape of a child, corruption of

minors, endangering the welfare of a child, and sexual assault at Docket No. 1133 of 2013. At Docket No. 2084 of 2013, appellant was convicted of rape/person less than 13 years of age, sexual assault, indecent assault without consent of another, corruption of minors, endangering the welfare of a child and aggravated indecent assault without consent of another. Appellant was sentenced to an aggregate term of incarceration of 21 to 42 years on both dockets. We affirm.

At Docket No. 1133 of 2013, appellant was convicted of raping his 12 year old step-granddaughter, H.S., on January 13, 2013. The day after she was raped by appellant while sleeping over at his home, H.S. told her therapist what had occurred. Detective Sergeant John Holmes of the Erie Police Department interviewed appellant on February 20, 2013. During his videotaped statement, appellant admitted to raping H.S.

At Docket No. 2084 of 2013, appellant was convicted of repeatedly raping and assaulting his step-granddaughter, J.H., beginning in 1999 and continuing through 2001. J.H. was 10 years old when these assaults began. In 2002, J.H. told her family and the police that appellant was touching her inappropriately; however, she was too afraid to tell them the full extent of the assaults. J.H.'s mother decided not to proceed with charges against appellant because J.H. was facing serious health issues and pending

surgery.[1]  In 2013, J.H. learned of appellant's second victim, and decided to proceed with her case.

On November 7, 2013, appellant filed a motion for separate trials which was denied on November 14, 2013.[2]  Appellant was convicted of the aforementioned crimes on November 22, 2013.  The trial court ordered a sexual violent predator ("SVP") assessment.  On November 25, 2013, appellant filed a motion for a new trial which was denied on November 27, 2013.  Appellant's SVP hearing was held on March 25, 2014, and the trial court found appellant was a sexually violent predator.  Appellant was thereafter sentenced to an aggregate term of imprisonment of 31 to 42 years.  Appellant did not file a post-sentence motion at either docket.

A timely notice of appeal was filed, and appellant complied with the trial court's order to file a concise statement of errors complained of on appeal.  Appellant raises two issues for our review:

> I.    Whether the trial court abused its discretion in denying Appellant's Motion in Limine?
>
> II.   Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

---

[1] A huge mass was discovered in J.H.'s neck.  (Notes of testimony, 11/22/13 at 34-35.)

[2] In his motion for separate trials, appellant alleged that the requirements for the joinder of offenses charged in separate informations were not met.  **See** Pa.R.Crim.P. 582.  Appellant's issue on appeal concerns the admission of appellant's confession in one docket as unfairly prejudicial to the allegations raised in the second docket.

Appellant's brief at 4.

In his first argument, appellant challenges the trial court's ruling on his motion *in limine*. Prior to the start of trial, defense counsel made a motion *in limine* to suppress the admission of appellant's confession of raping H.S. during trial as unfairly prejudicial to the allegations made at Docket No. 2084 of 2013 involving J.H. In denying defense counsel's motion *in limine*, the trial court opined, "I don't see the prejudice as to both dockets." (Notes of testimony, 11/21/13 at 9-10.)

A motion *in limine* is a mechanism for obtaining a ruling on the admissibility of evidence prior to the evidence being offered. *Commonwealth v. Lockcuff*, 813 A.2d 857, 860 (Pa.Super. 2002), *appeal denied*, 825 A.2d 638 (Pa. 2003).

> When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. *See Commonwealth v. Zugay*, 2000 PA Super 15, 745 A.2d 639 (Pa.Super.), *appeal denied*, 568 Pa. 662, 795 A.2d 976 (Pa.2000) (explaining that because a motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to a ruling on a motion to suppress evidence, our standard of review of a motion *in limine* is the same as that of a motion to suppress).

*Commonwealth v. Stokes* 78 A.3d 644, 654 (Pa.Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014).

The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will

not be disturbed on appeal "unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'" *Id.* quoting *Commonwealth v. Einhorn*, 911 A.2d 960, 972 (Pa.Super. 2006), *appeal denied*, 920 A.2d 831 (Pa. 2007).

> The threshold inquiry with admission of evidence is whether the evidence is relevant. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." *Commonwealth v. Spiewak*, 533 Pa. 1, 8, 617 A.2d 696, 699 (1992). In addition, evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

*Stokes*, *supra*.

In his brief, appellant argues the trial court improperly admitted evidence that in any other regard would have never been heard by the jury, absent appellant taking the stand. (Appellant's brief at 14). Appellant poses the question, "Had the Appellant plead guilty to the one charge while going to trial on another, evidence would have been precluded by the rules of evidence. Why then should the court permit the testimony of one admission to support the case of another?" (*Id.*)

Regarding the admissibility of a defendant's other crimes in a consolidated case, it is well established that

> [e]vidence of distinct crimes is inadmissible solely to demonstrate a defendant's criminal tendencies. Such evidence is admissible, however, to show a common plan, scheme or design embracing commission of multiple crimes, or to establish the identity of the perpetrator, so long as proof of one crime tends to prove the others. This will be true when there are shared similarities in the details of each crime.

***Commonwealth v. Andrulewicz***, 911 A.2d 162, 168 (Pa.Super. 2006), ***appeal denied***, 926 A.2d 972 (Pa. 2007); ***see also*** Pa.R.E. 404(b).[3]

The Commonwealth argues that the circumstances in each case demonstrate the common plan or scheme exception of Pa.R.E. 404(b)(2). The Pennsylvania Rules of Evidence prohibit the use of other crimes, wrongs,

---

[3] **Rule 404. Character Evidence; Crimes or Other Acts**

**(b)  Crimes, Wrongs or Other Acts.**

(1)  *Prohibited Uses.*  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2)  *Permitted Uses.*  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

or acts to show that the defendant acted in conformity when committing the instant crime. Pa.R.E. 404(b)(1). However, such evidence may be admissible for other purposes, including but not limited to, proof of motive, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident." Pa.R.E. 404(b)(2). When a party offers such evidence for those permissible reasons, the trial court may admit this evidence if it determines the probative value outweighs its potential prejudicial effect. *Id*. Factors to be considered in weighing the probative value of evidence against its prejudicial effect include:

> . . . the strength of evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

*Commonwealth v. Page*, 965 A.2d 1212, 1221 (Pa.Super. 2009), *appeal denied*, 74 A.3d 125 (Pa. 2013), citing McCormick, Evidence, § 190 (6th ed. 2006).

Instantly, both victims were of similar ages when the assaults took place. Both victims were step-granddaughters of appellant and were assaulted in his home where they were staying overnight, and the sexual conduct was similar. This was more than sufficient to satisfy the common plan or scheme requirements of Pa.R.E. 404(b). *See Commonwealth v. Aikens*, 990 A.2d 1181 (Pa.Super. 2010), *appeal denied*, 4 A.3d 157 (Pa.

2010) (Evidence of defendant's prior sexual abuse of his daughter was admissible to show a common scheme, design, or plan in prosecution for corruption of a minor, endangering the welfare of a child and indecent assault; both victims were defendant's biological daughters, both victims were of a similar age when the abuse occurred, defendant initiated the contact with both victims during an overnight visit to his apartment, defendant showed both victims a pornographic movie, and defendant raped his older daughter but did not rape his younger daughter because she stopped him from disrobing her); *Commonwealth v. O'Brien*, 836 A.2d 966 (Pa.Super. 2003), *appeal denied*, 845 A.2d 817 (Pa. 2004) (the evidence was sufficient to show a common scheme or plan where the victims were the same race, the victims were prepubescent, the victims knew the defendant, the crimes took place in the same location, and the crimes involved similar sexual activities).

Next, we turn to whether the probative value of appellant's confession was outweighed by its prejudicial effect. Our supreme court has held that "[w]hether relevant evidence is unduly prejudicial is a function in part of the degree to which it is necessary to prove the case of the opposing party." *Commonwealth v. Gordon*, 673 A.2d 866, 870 (Pa. 1996).

In the instant matter, the Commonwealth had to prove that appellant raped and sexually assaulted H.S. and J.H. Appellant admitted raping H.S. to Detective Homes in a videotaped statement; however, there was no

mention of J.H. at the time of the interview. Defense counsel argued the statement appellant made to the detective was not reliable. (Notes of testimony, 11/22/13 at 135.) Our review indicates appellant made two contradictory 20-minute statements during the same interview; there was a one and one-half hour time lapse between the statements. (Notes of testimony, 11/21/13 at 89.) Additionally, we note there was no physical corroborating medical evidence for either victim.

Plainly, the admission of the statement appears prejudicial as to the case involving J.H. However, given the fact that appellant made two statements regarding H.S., one denying the rape and one admitting the rape, along with the lack of any medical evidence in either case, we do not find the admission of this statement to be unduly prejudicial. Hence, the trial court did not abuse its discretion when it denied appellant's motion *in limine*.

As to appellant's claim that the jury would have never heard evidence of both crimes if he had plead guilty in one and gone to trial on the other, we reject this assertion. Pennsylvania Rule of Criminal Procedure 582 provides that joinder of offenses charged in separate indictments or informations is permitted when "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P. 582(A)(1)(a). The "[c]onsolidation of indictments requires that there are shared similarities

in the details of each crime." ***Commonwealth v. Smith***, 47 A.3d 862, 867 (Pa.Super. 2012). Here, the indictments were properly joined and the evidence at one docket would have been admitted at a separate trial on the other based on the similarities between the two fact patterns.

Next, appellant complains his sentence is manifestly excessive and clearly unreasonable. Appellant's challenge goes to the discretionary aspects of his sentence. In order to preserve an issue pertaining to the discretionary aspects of sentence, the issue must first be raised either at the time of sentencing, or in a post-sentence motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), ***appeal denied***, 860 A.2d 122 (Pa. 2004). Appellant failed to do either; consequently, the sentencing judge did not have an opportunity to reconsider or modify his sentence. Accordingly, the claim is waived. ***See Commonwealth v. Reeves***, 778 A.2d 691, 692-693 (Pa.Super. 2001); Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2015